HENRY A. LEONARD *vs.* FANNIE I. ELDRIDGE & another.

Bristol. October 27, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Agency. Broker.*

A broker, employed to sell certain real estate and discharged by his principal after failing to sell it, is not entitled to a commission on a subsequent sale of the property through another broker to a purchaser from whom the first broker had procured an offer which was not accepted.

CONTRACT by a broker for a commission on the sale of certain real estate on the corner of Summer and North Streets in New Bedford. Writ dated October 14, 1901.

At the trial in the Superior Court before *Fessenden,* J., it appeared, that the plaintiff was a real estate broker and that the defendants placed the property in his hands for sale, fixing no selling price ; that the plaintiff in July, 1901, procured an offer of $5,400 and the taxes for that year, which amounted to $93.63 ; that this offer was submitted to the defendants and rejected ; that the defendants discharged the plaintiff and placed the property in the hands of another broker ; and that in October, 1901, the defendants sold the property through the second broker for $5,500. The judge instructed the jury that the defendants had a right to terminate their contract with the plaintiff, and if they terminated it unconditionally and the plaintiff knew and under-

stood that he was discharged, the plaintiff could not recover. The judge put the special question to the jury, "Did the defendants terminate the employment of the plaintiff, and did the plaintiff assent to that termination?" The jury answered in the affirmative. The jury found for the defendants; and the plaintiff alleged exceptions.

*M. R. Hitch,* for the plaintiff.

*R. F. Raymond & C. Mitchell,* for the defendants.

HAMMOND, J. The plaintiff having failed to sell the property was discharged by the defendants in good faith, and he assented to the discharge. After that he had no right to act further for the defendants, and he so understood and made no further attempt in their behalf. Immediately after the discharge, the defendants employed one Bourne, a real estate broker and auctioneer, who soon afterwards offered the property at public auction, at which it was bid in by the defendants. Finally, in October, Vinal, the person who in July had made through the plaintiff the offer which was not accepted, made through Bourne another offer which was accepted.

In the absence of any express stipulation or usage to the contrary, there can be no doubt that the right of the principal to discharge at any time the broker is absolute. But it does not necessarily follow that the broker is thereby deprived of his commission where a sale is subsequently made to the person introduced by him. In *Sibbald* v. *Bethlehem Iron Co.* 83 N. Y. 378, 384, the following language is used: "If in the midst of negotiations instituted by the broker, and which were plainly and evidently approaching success, the seller should revoke the authority of the broker, with the view of concluding the bargain without his aid, and avoiding the payment of commissions about to be earned, it might well be said that the due performance of his obligation by the broker was purposely prevented by the principal. But if the latter acts in good faith; not seeking to escape the payment of commissions, but moved fairly by a view of his own interest; he has the absolute right before a bargain is made while negotiations remain unsuccessful, before commissions are earned, to revoke the broker's authority, and the latter cannot thereafter claim compensation for a sale made by the principal, even though it be to a customer with whom the broker unsuccessfully nego-

tiated, and even though, to some extent, the seller might justly be said to have availed himself of the fruits of the broker's labor."

Without now deciding whether the rule stated in the last paragraph is of universal application, it is sufficient to say that it is applicable to the facts of this case, and that the instructions to the jury were correct. The doctrine of efficient cause has no application to a case like this.

*Exceptions overruled.*