THEODORE E. CLARK *vs.* PATRICK J. BONNER.

Suffolk.    January 20, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Agency,* Broker's commission.

A real estate broker does not earn a commission for procuring a purchaser for certain real estate at a stated price by bringing about the execution of a contract in writing in which the alleged purchaser agrees to buy the real estate at that price, if by the terms of the contract the owner accepts the purchaser only upon the condition that he shall pay a substantial part of the price in second mortgages on the purchased property and "other properties satisfactory to" such owner, and it appears that this condition never was performed by the proposed purchaser.

CONTRACT by a real estate broker to recover $1,000 as a commission on a sale of certain real estate of the defendant at the corner of Broadway, Second and Cherry Streets in Chelsea Square in Chelsea, for which the plaintiff alleged that he procured a purchaser in June, 1902. Writ in the Municipal Court of the City of Boston dated February 21, 1905.

On appeal to the Superior Court the case was tried before *Hitchcock,* J. The course of the trial and the facts which could

have been found upon the evidence are described and stated in the opinion. The statement in the bill of exceptions in regard to the remark of the judge, which was held not to have cured his erroneous instruction to the jury, was as follows: The counsel for the defendant said, "And then exception is taken to the charge that there is no question that the agreement is binding within the meaning of the term, in that portion of the charge." Whereupon the judge said, "I did not say [that] as a fact. Perhaps I said as a ruling of law that it was a contract within the meaning of the terms as used." The bill of exceptions then states, "The foregoing colloquy was had in the presence of the jury but it is not certain whether it was heard by them or not." The defendant's offer of evidence for the purpose of showing that Wheeler owned no property in South Boston, mentioned in the opinion, related to testimony of the defendant that the only property ever shown to him by Wheeler was certain real estate in South Boston.

The jury returned a verdict for the plaintiff in the sum of $1,488.83; and the defendant alleged exceptions.

*D. H. Fulton*, for the defendant.

*E. O. Howard*, for the plaintiff.

SHELDON, J. The plaintiff's contention was that he had been employed by the defendant to "negotiate the sale" of property owned by the defendant; that he had obtained a purchaser therefor at a stated price; and that the defendant had accepted this purchaser, one Wheeler, and had entered into a written agreement with him for the sale of the property at that price. But there was evidence that the defendant had not accepted Wheeler definitely and absolutely, but only upon the condition that Wheeler should give to him in payment of a substantial part of the price second mortgages upon the property to be sold, "and other properties satisfactory to" the defendant. There also was evidence that Wheeler never had complied with the condition. If so, the written agreement between the defendant and Wheeler had not become of full effect so as to bind the defendant, and the defendant had not accepted Wheeler as a purchaser, and so the plaintiff had not succeeded in finding a purchaser and negotiating a sale of the property to the acceptance of the defendant. In that event, the plaintiff was not entitled to recover.

The judge's attention was called to this matter by the defendant's fourth, fifth and sixth requests for rulings. But the judge said to the jury: "There is nothing made in this case but that this agreement [between the defendant and Wheeler] is binding within the meaning of terms as I have used it." This can mean nothing but that the agreement bound both of the parties to it, and showed an acceptance of Wheeler by the defendant. But that was erroneous. The agreement did not as matter of law show, as between the parties to this action, a final acceptance of Wheeler by the defendant; it was perfectly consistent with such a conditional acceptance as we have stated. Nor was the error cured by what the judge afterwards said, both because it is not certain that the jury heard it, and because it did not go far enough to cure the erroneous ruling which had been made.

The bill of exceptions shows no error in the rulings upon testimony. There was no offer to show that Wheeler was irresponsible and that the plaintiff knew this. It was not competent to show that no property in South Boston was assessed to Wheeler in 1902, or that a clerk in the assessing department of the city of Boston had not in his possession any records which showed whether Wheeler was in that year the record owner of any property in South Boston. And even if Wheeler had owned no property in South Boston on May 1, 1902, that fact by itself would have been immaterial, and there was no offer to supplement it by further proof.

*Exceptions sustained.*