CHARLES S. BRUCE *vs.* IDA M. MESERVE.

Middlesex.　October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Broker. Agency*, Broker's Commission.

If a real estate broker is employed as the exclusive agent of a landowner to sell a certain parcel of land, and if, after the broker has reported to the landowner an offer from a proposed purchaser, which the landowner refuses, the landowner without the knowledge of the broker makes an oral agreement with the proposed purchaser to sell the land to him at a higher price, which is reduced to writing but is signed only by the landowner and which the proposed purchaser afterwards refuses to carry out at the price named, because the parcel contains

less land than he thought it did, and brings an action against the landowner for $500 which he had deposited under the oral agreement, the broker is not entitled to a commission.

CONTRACT by a real estate broker to recover $312.50 as a commission for procuring a customer to purchase from the defendant certain real estate numbered 454 on Massachusetts Avenue in Lexington. Writ dated May 23, 1916.

In the Superior Court the case was tried before *Hardy*, J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover. The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $319.48. The defendant alleged exceptions.

*H. H. Fuller*, for the defendant.

*J. L. Sheehan*, (*F. W. Miller, Jr.*, with him,) for the plaintiff.

RUGG, C. J. This is an action by a broker to recover a commission for procuring a customer to buy the defendant's real estate. There was evidence from which it might have been found, as the view most favorable to the plaintiff, that he was appointed by the defendant exclusive agent to get "a purchaser for the sale of her Massachusetts Avenue property;" that he was familiar with the property and told her it was well worth eleven or twelve thousand dollars; that he secured an offer of $11,000 from one Viano, and that when this was communicated to the defendant she replied, "When he offers $11,000 for it, he will give $11,700;" that subsequently the plaintiff was told that an agreement had been made with Viano for the sale of the property for $12,500; but the plaintiff had no participation in the making of it. The facts about the alleged agreement were that the defendant and Viano had some negotiations, as a result of which Viano orally offered $12,500 and she accepted that offer. Thereafter he prepared a paper, which she signed and which he did not sign, of this tenor: "I agree to sell to Mr. Felix Viano my property on 454 Mass. Ave., Lexington, twelve thousand five hundred dollars, and I receive five hundred dollars as deposit and as part payment. Balance to be payed June 1, 1916, I agree to give clear title free from all incomance, and also a plan of land to show about 75 feet front." The $500 was paid to her. It appeared on a survey

of the lot that its frontage on the street was seventy-one and one tenth feet. Viano refused to take the lot unless a reduction was made in the price "at the rate of about $166 a foot for four feet, which he said were missing." The defendant declined to make the reduction. Viano has brought an action against her to recover the $500 paid by him.

The plaintiff is not entitled to recover on these facts. The plaintiff's agreement in substance was that he should procure a purchaser able, ready and willing to buy the defendant's property at a price satisfactory to her. It would not have been necessary for him to procure the execution of a contract to buy binding upon the purchaser. *Fitzpatrick* v. *Gilson,* 176 Mass. 477. *Leland* v. *Barber,* 228 Mass. 144. He did not perform that agreement. If it be assumed that Viano was able to buy the land, the only offer which the plaintiff secured from him was $11,000, and that offer the defendant refused. If it be also assumed that she stated to the plaintiff that an offer of $11,700 would be accepted, the plaintiff did not act on that statement or 'at least did not procure that offer and manifestly it subsequently was withdrawn by her before the conclusion of her negotiations with Viano.

The plaintiff's agreement with the defendant would have been performed to the extent that he as exclusive agent to get a buyer might recover, if the defendant had made either an actual sale to the customer introduced by him, or an agreement binding such customer to buy. *Rice* v. *Mayo,* 107 Mass. 550. *Ward* v. *Cobb,* 148 Mass. 518. *Johnson* v. *Holland,* 211 Mass. 363. *Hutchinson* v. *Plant,* 218 Mass. 148, 153. But she did not do either. There was no sale. There was no agreement binding Viano to buy. The agreement was signed by the defendant alone and only bound her to sell. Viano did not sign it. Since the agreement concerned the sale of land, he could not be compelled in equity to perform it, nor be required by action at law to pay damages for its breach. An unperformed oral contract respecting land affords no ground for relief under the statute of frauds.

The defendant was ready to sell her lot of land for $12,500. The lot of land for which Viano was ready to pay that price was a lot of land having a frontage of seventy-five feet. The defendant did not own and could not sell such a lot of land. Viano refused to pay the price demanded by the defendant for the lot of

land which she owned. Therefore there was no customer able, ready and willing to buy the lot owned by the defendant at the price asked by her. Since there was no actual sale of the defendant's lot, no contract binding Viano to purchase the defendant's lot, and Viano was not ready to buy the defendant's lot at the price which she demanded, there is no ground on which the plaintiff can recover. *Clark* v. *Bonner,* 217 Mass. 201. *Woods* v. *Matthews,* 224 Mass. 577, 584, 585.

Cases relied on by the plaintiff, such as *Cohen* v. *Ames,* 205 Mass. 186, 188, and *Taylor* v. *Schofield,* 191 Mass. 1, 4, are distinguishable on the ground that in those cases the failure to complete the sale was due to the refusal of the landowner and not of the proposed purchaser. The mere omission of the landowner to procure a contract binding upon the proposed purchaser does not entitle the broker to his commission under the circumstances here disclosed. As a precaution it may be added that nothing is intimated as to the merits of the action at law of Viano against the defendant.

The exceptions must be sustained and, as the case appears to have been fully tried on its merits, and discloses no basis for recovery by the plaintiff, judgment is to be entered for the defendant under St. 1909, c. 236.

*So ordered.*