ROBERT F. MARDEN & another *vs.* ALBERT S. HOWARD
& others.

Middlesex.    March 15, 1922. — July 5, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Broker*, Commission. *Contract*, Performance and breach. *Practice, Civil*, Auditor: findings, motion to recommit.

An auditor to whom, by agreement of the parties, an action of contract was submitted, his findings of fact to be final, after a detailed finding of subsidiary facts concluded his report as follows: "If upon the foregoing facts the plaintiffs can recover as a matter of law, I find they are entitled to receive the sum of $10,000, with interest from April 17, 1920, when payment was demanded." *Held*, that the true construction of the finding was that the plaintiff was entitled to judgment if liability could be posited on the facts set forth in the report, the auditor's final conclusion standing upon the same footing as the verdict of a jury when there is an exception to a refusal to direct a verdict for the defendant.

An auditor, to whom was referred, with an agreement of the parties that his findings

of fact should be final, an action by a broker against the shareholders in a volun-
tary association, called a real estate trust, as partners, for a commission alleged
to have been earned by procuring a customer ready, able and willing to purchase
real estate of the association upon terms satisfactory to the defendants, found
the following facts: The plaintiff was permitted by the trustees of the real estate
trust to endeavor to procure a person who was ready, able and willing to buy
the property for a price and upon terms satisfactory to the trustees and the
beneficiaries of the trust. The plaintiff knew who the trustees were and that
any offers made would have to be submitted to the beneficiaries, and he was
informed of the provisions of the declaration of trust and knew who owned the
shares therein. The plaintiff procured a customer, who submitted an offer not
addressed to any one but delivered to one of the defendants known by the plain-
tiff to be acting solely as a trustee, who said in substance that he would submit
it to the beneficiaries of the trust. A question arising as to the liability of the
trust to pay an excess profits tax, a suggestion was made that the proposed sale
be carried out by the shares in the trust being transferred rather than the trust
property itself. The trustee to whom the offer was submitted then wrote to the
attorney for the proposed purchaser that all parties interested in the trust had
signified their willingness to put through the sale, adding, "In other words, the
substance of the transaction is approved . . . it is now a question of method."
A conference was held with the proposed purchaser and his attorney when the
attorney stated that his client preferred not to take an assignment of the shares
of the trust, but suggested that the trust be dissolved. Nothing was decided
upon, and, owing to an objection made by a person, not a defendant, interested
in the trust, no further conference with the proposed purchaser or his attorney
was had, although they were informed of other offers made and were given an
opportunity to meet them. The purchaser proposed by the plaintiff was ready,
able and willing to take a deed of the property at the price and upon the terms
named in his offer; he never refused to take the shares in the trust instead of a
conveyance, but he did not make an offer to buy them. The trustees sold the
shares of the trust to another purchaser not procured by the plaintiff. There
was no employment of the plaintiff as an exclusive agent nor was there any
evidence that the defendants' sale of their share of the trust was with intent
to defraud the plaintiff. *Held,* that

(1) The letter of the trustee to the proposed purchaser indicated a willingness
to sell according to the substance of the offer, but reserved the consideration of
the methods and details of such transfer and expressly provided for a conference
for the purpose of discussing them: it did not constitute an acceptance of the
proposed purchaser's offer;

(2) The plaintiff did not procure a person ready, able, and willing to purchase
upon terms which were satisfactory to the defendants;

(3) The defendants had a right to procure another customer;

(4) Judgment should be entered for the defendants.

An exception to a denial of a motion to recommit a report, for the finding of addi-
tional facts, to an auditor, to whom an action had been referred with an agree-
ment that his findings of fact should be final, will not be sustained where it does
not appear that subsidiary facts were not fully and correctly determined and re-
ported by the auditor, and where this court, in considering the questions of law
involved, have considered the ultimate findings sought by the motion as though
they had been made.

CONTRACT for a commission for services alleged to have been rendered by the plaintiffs as real estate brokers to the defendants, Albert S. Howard, Albert W. Thompson, Rowena Palmer, Thomas Nesmith, Jr., and Fisher H. Nesmith, who were alleged to be "co-partners doing business under the name of the Hildreth Estate Trust Association, a voluntary association created by an instrument, or declaration of trust, the beneficial interest of which was divided into transferable certificates of participation, or shares," the services alleged to have been rendered having been the securing of a customer, ready, willing and able to purchase for a consideration upon terms satisfactory to the defendants, all of the real estate belonging to the defendants and standing in the name of the defendants Howard, Palmer and Thompson under the provisions of the declaration of trust. Writ dated June 28, 1920.

In the Superior Court, the action was referred to an auditor under an agreement that his findings of fact should be final. Material facts found by him are described in the opinion.

The plaintiffs moved that the action "be re-committed to the auditor for the purpose of having him find the fact, whether or not the price and terms for and upon which the plaintiff's customer Dreyfus was ready, able and willing to buy the property of the defendants was satisfactory to the defendants; and the fact, whether or not the plaintiffs did produce a customer who was ready, able and willing to buy the property for a price and upon terms satisfactory to the trustees and beneficiaries of the Hildreth Estate Trust Association; and the fact whether or not Fisher H. Nesmith ratified and adopted the substance of what had been done by his fellow shareholders of the Hildreth Estate Trust Association in dealing with the plaintiffs and the customer Dreyfus produced by the plaintiffs between April 10 and April 14, 1920."

The defendants individually moved for judgment upon the auditor's report.

The action was heard by *Hammond*, J., upon the auditor's report and the motions above described. He denied the plaintiff's motion and granted those of the defendants, ordered judgment to be entered for each defendant, and reported the action to this court upon the stipulation that, if his rulings and orders were correct in respect to all of the motions, judgment was to be entered for each of the defendants; that if the plaintiffs were entitled as a

matter of law to judgment against any of the defendants on the auditor's report, judgment was to be entered for the plaintiffs against such defendant or defendants in the sum of $10,000, with interest from April 17, 1920; or this court was to make such other and further orders as justice might require.

*J. M. O'Donoghue,* (*F. N. Wier* with him,) for the plaintiffs.

*M. G. Rogers,* (*F. M. Qua* with him,) for the defendants.

JENNEY, J. The plaintiffs, who are brokers, bring this action to recover for services in obtaining a customer for real estate in Lowell. Three of the defendants, Albert S. Howard, Rowena Palmer, and Albert W. Thompson, are trustees of the Hildreth Estate Trust Association under a declaration of trust. The property whose sale is in question had been conveyed to them, or to their predecessors in trust, to be held in accordance with the declaration. Each of said defendants held shares in the association individually. Thompson, Thomas Nesmith, Jr., and Fisher H. Nesmith, as trustees of the Thomas Nesmith Trust, were the only other beneficiaries.

It is contended by the defendants who are trustees for the Hildreth trust, that they are not individually liable because of the express provisions of the declaration, and that they and the other defendants cannot be held either because they had nothing to do with the plaintiffs' employment or because the plaintiffs did not secure a customer upon terms satisfactory to the trustees and to the beneficiaries of the Hildreth trust.

The action was referred to an auditor under an agreement that his finding of facts should be final. *Pettey* v. *Benoit,* 193 Mass. 233. The case is here upon report of a judge who directed judgment for the defendants upon a motion therefor based upon said report. Rule 31 of the Superior Court (1915). *Wheeler* v. *Tarullo,* 237 Mass. 306.

The trustees and shareholders of the Hildreth trust wished to sell the Hildreth building, the title to which was held under the trust. The plaintiffs desired to act as brokers and, as hereinafter set forth, were permitted by the trustees to endeavor to procure a person who was ready, able and willing to buy the property for a price and upon terms satisfactory to the trustees and the beneficiaries of the trust. At the outset they knew who the trustees were and that any offers made to Howard and Thompson

would have to be submitted to the beneficiaries; they were informed of the provisions of the declaration of trust and knew who owned the shares therein. The plaintiffs had been advised that Howard was acting solely as trustee and that in fact he had no beneficial interest in any shares, as those standing in his name were held as trustee and not as his own. They likewise were informed that Rowena Palmer, one of the trustees and a large shareholder, was abroad, that her son, Jackson Palmer, was acting as her attorney, and that Fisher H. Nesmith, one of the trustees of the Nesmith trust, also was abroad.

Howard, Thompson, Thomas Nesmith, Jr., and Jackson Palmer knew that the plaintiffs were endeavoring to find a purchaser for the Hildreth building and understood that they were to receive a commission if they succeeded. No price had been fixed, and the terms of sale had not been settled.

The plaintiffs produced as a customer Edwin J. Dreyfus, who made a written proposition to buy the property subject to mortgages aggregating $250,000 and existing leases, to pay $50,000 in cash, and to give a mortgage for $100,000 subject to the prior mortgages. This offer was not addressed to any one but was delivered to Howard, who said in substance that he would submit it to the beneficiaries of the trust. Thompson, Thomas Nesmith, Jr., and Jackson Palmer were informed of this proposition and they understood that Howard was authorized to act for them in making a reply.

A question arose as to the liability of the trust to pay an excess profits tax in case of the sale of the property and a suggestion was made by Jackson Palmer to Howard and Thomas Nesmith, Jr., that the shares in the trust be transferred rather than the property itself. Howard, in the presence of Palmer, wrote the attorney for Dreyfus that all parties interested in the Hildreth trust had signified their willingness to put through the sale, adding, "In other words, the substance of the transaction is approved . . . it is now a question of method." Pursuant to a suggestion contained in this letter, Howard, Thompson, Palmer, Thomas Nesmith, Jr., and Fisher H. Nesmith, who had then returned, met Dreyfus, his attorney, and the plaintiffs. At this conference it was stated by Howard and Thompson that the trustees and beneficiaries of the Hildreth trust had been advised that they would

be subject to a large excess profits tax if they sold the real estate directly to Dreyfus; that they had been advised not to sell the building but were willing to sell the shares of the trust estate on the terms of the offer; that for this reason they did not want to sell the building directly. They asked the attorney for Dreyfus if his client would be willing to take an assignment of the shares. He replied that he preferred not to do that and suggested that the trust be dissolved, and Fisher H. Nesmith proposed a plan for forming a corporation to act as trustee. Nothing was decided upon and the parties separated with the understanding that the matter was to be further considered and if possible new plans devised for accomplishing the transfer of the building to Dreyfus in a manner which would not involve the payment of an excess profits tax. All understood that another meeting was to be held.

Before this meeting Thomas Nesmith, Sr., one of the beneficiaries under the Nesmith trust, had made known to Thompson and to Fisher H. Nesmith that he objected to a sale to Dreyfus for the price offered, and had notified the trustees that he would endeavor to prevent such sale by legal proceedings. Shortly afterwards, the trustees received from other sources offers for the shares, one of which was accepted and carried through. No further conference with Dreyfus or his attorney was ever held, although they were informed of the offers which had been made and given an opportunity to meet them. Dreyfus was ready, able and willing to take a deed of the property at the price and upon the terms named in his offer; he never refused to take the shares in the trust instead of a conveyance, but he did not make an offer to buy them.

The auditor's conclusion is as follows: "If upon the foregoing facts the plaintiffs can recover as a matter of law, I find they are entitled to receive the sum of $10,000, with interest from April 17, 1920, when payment was demanded."

We assume in accordance with the plaintiffs' contention, that the true construction of this finding is that the plaintiffs are entitled to judgment if liability can be posited on the facts set forth in the report. The auditor's final conclusion stands upon the same footing as the verdict of a jury when there is an exception to a refusal to direct a verdict for the defendant. *Peru Steel & Iron Co.* v. *Whipple File & Steel Manuf. Co.* 109 Mass. 464.

Prior to the writing of Howard's letter, it is clear that the pro-

posal had not been accepted, and in the absence of an agreement as to the price and terms upon which the defendants were willing to sell, the making of the offer was not sufficient to entitle the plaintiffs to recover. That letter did not constitute an acceptance. It indicated a willingness to sell according to the substance of the offer, but reserved the consideration of the methods and details of such transfer and expressly provided for a conference for the purpose of discussing them. When the parties met, the defendants did not indicate that the terms of the proposition were acceptable; on the contrary, they stated they did not want to sell the building directly but would consent to a sale of the shares of the trust. This counter propositiom was not accepted and nothing more was ever done. It is clear that the facts found do not tend to prove that the plaintiffs procured a person ready, able, and willing to purchase upon terms which were satisfactory to the defendants. No acceptance was shown, only a willingness to consider and approve if certain requirements were met. *Clark* v. *Bonner,* 217 Mass. 201. *Bruce* v. *Meserve,* 228 Mass. 463. *Cesana* v. *Johnson,* 232 Mass. 444. *Doten* v. *Chase,* 237 Mass. 218. *Ballou* v. *United Button Co.* 241 Mass. 457.

The employment of the plaintiffs was not exclusive and there is nothing to show that the sale of the stock was with the intent to defraud them. The defendants had a right to get another customer. *Cadigan* v. *Crabtree,* 179 Mass. 474; *S. C.* 186 Mass. 7. *Smith* v. *Kimball,* 193 Mass. 582. *Kimball* v. *Hayes,* 199 Mass. 516.

There was no error in the denial of the motion to recommit the case to the auditor for additional findings. No suggestion is made that the subsidiary facts were not fully and correctly determined; so far as justified by them, the ultimate findings referred to in the motion have been considered as made. This is the effect of the construction placed upon the conclusion hereinbefore quoted of the auditor's report. *Adams* v. *Dick,* 226 Mass. 46. *Adams* v. *Hayden,* 236 Mass. 454, 459.

It is unnecessary to consider the other grounds of defence upon which the defendants rely, or to state the facts upon which they are based.

In accordance with the terms of the report, judgment is to be entered for the defendants.

*So ordered.*