GEORGE E. BEMISTER *vs.* MATILDA G. HEDTLER & another.

Suffolk.    March 6, 1924. — May 19, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Broker*, Commission.    *Contract*, Construction, Performance and breach.    *Frauds, Statute of.*

A broker was employed by an owner of real estate to obtain a purchaser for his property " for something over $7,500," the owner agreeing to pay the broker as commission the difference between $7,500 and " what his customer agreed to pay." The broker produced a prospective purchaser on the Lord's day, who orally agreed to purchase the property and to pay $7,800. The following morning, as the broker was approaching a place agreed upon for meeting the prospective customer, he met an agent of the owner, who said to him " that everything was all right, that they sold the property " to the customer, who " had signed an agreement and " had made a deposit. The prospective customer had not signed an agreement, but had made a deposit and had taken a receipt from the owner, and at that time the customer was willing to sign an agreement but had not been asked to do so by the owner. Later, at the time settled upon for the completion of the sale and delivery of the deed, the owner was present, ready, able and willing to convey, but the prospective customer was not willing and refused to carry out the purchase. In an action by the broker against the owner for a commission, it was *held* that

(1) The customer produced by the plaintiff not being willing to purchase at the time when the sale was to take place, the plaintiff had not earned his commission;

(2) The customer's contract being oral and relating to the sale of land, performance could not be enforced in equity.

CONTRACT by a real estate broker for a commission for procuring a purchaser of land for the defendants. Writ in the Municipal Court of the City of Boston dated June 10, 1922.

Material evidence at the trial in the Municipal Court is described in the opinion. The defendant asked for the following rulings:

" 1. On all the evidence the plaintiff is not entitled to recover.

" 2. The plaintiff is not entitled to recover unless a sale was made and carried through.

" 3. The defendants' offer was an offer to sell to the plaintiff or to his nominee and the plaintiff did not become entitled to a commission merely by procuring a customer who offered to purchase at a price in excess of $7,500.

" 4. In order for the plaintiff to recover he must show that either he or his customer were ready, willing and able to purchase at a price in excess of $7,500 and that through fault of the defendants the sale was not carried out.

" 5. There is no evidence in this case of the refusal of the defendants to convey to the plaintiff or his nominee for a price in excess of $7,500.

" 6. On all the evidence the plaintiff or his nominee or the customer procured by him refused to carry out the terms of the sale and to pay the plaintiff a sum in excess of $7,500."

The rulings were refused. There was a finding for the plaintiff in the sum of $300 and a report of the action by the trial judge to the Appellate Division, who ordered the report dismissed. The defendants appealed.

The case was submitted on briefs.

*H. A. Murphy & J. H. Fleming,* for the defendants.

*W. J. Gaffney,* for the plaintiff.

CROSBY, J.   This is an action to recover a broker's commission. There was evidence from which it could have been found that the plaintiff was employed by the defendants to obtain a customer for their property " for something over $7,500 " and they " would pay him the difference between $7,500 and what his customer agreed to pay, as commission." Thereafter the plaintiff produced one Lena Lubin who orally agreed to purchase the property and to pay $7,800 therefor. As no valid agreement could be made on Sunday, the day when the parties first met, it was decided that they should again meet the next morning. The following morning, as the plaintiff approached the place of meeting, he met the defendants' agent coming away, who said to the plaintiff " that everything was all right, that they sold the property

to Mrs. Lubin, that she had signed an agreement and that she had paid a deposit of $500." In fact she had not signed any agreement but had made a deposit of $500 and had taken a receipt therefor from the defendants. At that time she was willing to sign an agreement, but was not asked by the defendants to do so as they were satisfied of her ability and willingness to carry out her oral contract. At a later time, which had been settled upon for the delivery of the deed and completing the sale at the registry of deeds, the defendants were present, ready, able and willing to convey as agreed. Although Mrs. Lubin was not present, her attorney was there and notified the defendants that she "would not carry out the agreement and would not go through with the purchase."

The agreement between the plaintiff and the defendants was that he would produce a customer for the property who was ready, able and willing to buy upon the terms stated; if the plaintiff has performed the agreement, his commission is earned. The customer produced not only must be able and willing to buy, but such willingness and ability must exist at the time when the sale is to take place. Although Mrs. Lubin was produced by the plaintiff as willing at the outset to purchase the property upon terms satisfactory to the defendants, it appears that at the time fixed for carrying out the sale she repudiated her previous oral contract and refused to purchase; in these circumstances, the plaintiff has failed to perform his agreement. No sale was consummated and no agreement binding Mrs. Lubin was made. The receipt was signed by the defendants and only bound them to sell. Mrs. Lubin's contract was wholly oral, and as it related to the sale of land, it was within the statute of frauds, and she could not be compelled in equity to perform it. *Bruce* v. *Meserve,* 228 Mass. 463, 465. The payment of $500 as a deposit did not take the contract out of the statute of frauds. *Blodgett* v. *Hildreth,* 103 Mass. 484, 486. *Bruce* v. *Meserve, supra.*

As the plaintiff did not produce a customer who was ready and willing to purchase the property at the stated

time, he has failed to perform what he agreed to do, and therefore is not entitled to a commission.

*Fitzpatrick* v. *Gilson*, 176 Mass. 477, and *Edward T. Harrington Co.* v. *Waban Rose Conservatories*, 222 Mass. 372, are distinguishable from the case at bar, as in those cases it appeared that a customer was found by the broker who was able, willing and ready to carry out the contract in question, but that it failed because of the inability or refusal of the broker's principal to perform.

We have been unable to find any case where the facts are like those here presented, yet are of opinion that the case is controlled in principle by *Bruce* v. *Meserve, supra, McCarthy* v. *Reid*, 237 Mass. 371, *Marden* v. *Howard*, 242 Mass. 350, 356, *Pullen* v. *Baltzer*, 243 Mass. 419, 423.

The order of the Appellate Division dismissing the report is reversed and judgment is to be entered for the defendants.

*Ordered accordingly.*