HERFORD N. ELLIOTT *vs.* DONABED KAZAJIAN & another.

Middlesex.　December 9, 1925. — May 24, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Broker*, Commission.

The mere listing of real estate by the owner with a broker for sale does not give rise to a contract, but constitutes only an offer by the owner which ripens into a contract to pay a commission to the broker only when the broker has procured a customer on the terms stated by the owner; until the offer thus is accepted and the contract thus comes into existence, the owner can withdraw the offer, if he does so in good faith, in which event the broker, although he may have incurred expense, may

have been put to trouble, and may have spent time and energy in the effort to fulfil the conditions of the offer, has no claim against the owner for compensation.

At the trial of an action by a real estate broker against an owner of real estate for a commission alleged to have been earned by the procuring of a customer ready, able and willing to purchase the real estate for $29,000, the evidence viewed most favorably for the plaintiff showed merely that the defendant listed the real estate with the plaintiff to get a customer for the price of $29,000, $4,000 or $5,000 to be paid in cash, the balance to be paid by notes secured by mortgages, a first mortgage to be taken by a bank, and the defendant to take a second mortgage, and, in the words of the plaintiff, "the payments to be worked out when we got together, got a buyer." The plaintiff brought to the defendant a prospective buyer who was willing to agree to a price of $30,000, $5,000 to be paid in cash, and desired to arrange other terms if possible. Before the customer and the defendant had agreed on the terms of the mortgage, interest, and time of performance, the defendant raised his price. There was no evidence of a sale at a later time by the defendant. There was a verdict for the plaintiff. *Held,* that

(1) A finding was not warranted that the defendant's offer to pay a commission on the procuring of a customer had been accepted by the plaintiff before the defendant in good faith withdrew it;

(2) There was no sufficient evidence of a purpose to deprive the plaintiff of his commission;

(3) A verdict for the defendant should have been ordered.

CONTRACT for a commission alleged to have been earned by the plaintiff as a real estate broker in procuring a customer for real estate of the defendants. Writ dated October 7, 1922.

In the Superior Court, the action was tried before *Irwin*, J. There was no evidence of a sale of the real estate in question by the defendants. Other material evidence and exceptions saved by the defendants are described in the opinion. The jury found for the plaintiff in the sum of $1,090. The defendants alleged exceptions.

*F. M. Qua,* for the defendants.

*M. J. Cohen,* for the plaintiff.

WAIT, J. The plaintiff alleges that the defendants made an agreement with him whereby the plaintiff was to secure a customer ready, willing and able to purchase for $29,000 real estate of the defendants on Gorham Street in Lowell; and that they were to pay him $1,000 upon his producing such a customer. He alleges that on or about October 6, 1922, he secured the customer, and thereby became entitled

to payment, and that the defendants have refused to pay him. The defendants make general denial thereof.

At the trial in the Superior Court the jury found for the plaintiff. The defendants saved exceptions (a) to the refusal of the judge to direct a verdict for the defendants at the conclusion of the evidence; (b) to his failure to instruct the jury: "2. If the jury shall find that the plaintiff or his agent never produced a customer who was ready, able and willing to purchase the defendants' real estate for $29,000 on terms of payment satisfactory to the defendants, their verdict must be for the defendants. 3. If the jury shall find that the plaintiff's customers, Pressman and Rose, never came to any agreement with the defendants as to the terms of payment of the purchase price, the time for completion of the bargain or any other 'terms which were to govern the rights of the parties,' then their verdict must be for the defendants. 4. If the jury shall find that the defendants never accepted as customers the persons introduced to them by the plaintiff's agent, then their verdict must be for the defendants"; and (c) to portions of the charge in which he left to the jury to say whether the customers were able to meet the conditions laid down by the plaintiff, and in which he instructed them "that when a man lists his property with a real estate man, he thereby makes a contract with the real estate man to find a purchaser for him."

An owner of property does not make a contract of employment with a broker merely by listing property with him for sale. *Cadigan* v. *Crabtree,* 179 Mass. 474, 480, 481, 484. He makes an offer which ripens into a contract when the broker has accepted the offer by fulfilling its terms. *Fitzpatrick* v. *Gilson,* 176 Mass. 477. *Roche* v. *Smith,* 176 Mass. 595, 597. *Monk* v. *Parker,* 180 Mass. 246. *Goodnough* v. *Kinney,* 205 Mass. 203. *Rosenthal* v. *Schwartz,* 214 Mass. 371. *Woods* v. *Matthews,* 224 Mass. 577, 585. *Bruce* v. *Meserve,* 228 Mass. 463. *Johnstone* v. *Cochrane,* 231 Mass. 472. *Cesane* v. *Johnson,* 232 Mass. 444. *Doten* v. *Chase,* 237 Mass. 218. *Buono* v. *Cody,* 251 Mass. 286. *Hall* v. *Kotowski,* 251 Mass. 494. Williston, Contracts, §§ 60, 60a, 60b. Until a contract comes into existence the owner can withdraw the offer;

and although the broker may have incurred expense, have been put to trouble and have spent time and energy in the effort to fulfil the conditions of the offer, he has no claim for compensation. *Cadigan* v. *Crabtree, supra,* and *S. C.* 186 Mass. 7, 12. *Leonard* v. *Eldridge,* 184 Mass. 594. *Smith* v. *Kimball,* 193 Mass. 582, 585. *Willard* v. *Wright,* 203 Mass. 406, 409. *Clark* v. *Bonner,* 217 Mass. 201. *Ballou* v. *United Button Co.* 241 Mass. 457. *Marden* v. *Howard,* 242 Mass. 350. *Maksoodian* v. *Keller,* 243 Mass. 249. *Des Rivieres* v. *Sullivan,* 247 Mass. 443. *Bemister* v. *Hedtler,* 249 Mass. 40. See *McKeon* v. *Tyler,* 254 Mass. 142.

The right to revoke is not dependent upon the reasons which may lead to its exercise, provided that it is exercised in good faith, which here means for any reason other than to obtain the results of the broker's efforts without paying for them. *O'Connell* v. *Casey,* 206 Mass. 520. *Leonard* v. *Eldridge, supra.* An attempted revocation in such bad faith is in law no revocation. *Cadigan* v. *Crabtree,* 186 Mass. 7. The broker can, in such circumstances, recover compensation. This will be a commission, if a sale actually takes place, *O'Connell* v. *Casey,* 206 Mass. 520, 528; or the value of his time, labor and expense, if no completed transaction is carried through by the owner. *Pullen* v. *Baltzer,* 243 Mass. 419.

Of course the owner and broker at any moment in their negotiations may enter into a contract of employment if they so choose; but if they do, the compensation of the broker is not properly a commission, but an agreed sum or damages for breach of the particular contract made. *Cohen* v. *Ames,* 205 Mass. 186. *Rosenthal* v. *Schwartz, supra. Smith* v. *Plant,* 216 Mass. 91. *Pullen* v. *Baltzer, supra.*

Much of the apparent confusion in the decisions in suits by brokers for compensation is removed if this fundamental distinction between proposal and contract is kept in mind.

In the case before us the defendants contend that they had a right to withdraw any offer and to revoke any authority to act for them, by refusing, as they did, to go on to consider a sale at less than $31,000. They assert that a careful analysis of the evidence in its aspect most favorable to the plaintiff makes clear that, assuming that the plaintiff was

employed to find a customer ready, willing and able to make the cash payments required and to give mortgages for the balance on terms acceptable to and accepted by the defendants, they put an end to the employment by raising their price before the terms which the alleged customers were willing to make had been communicated to the defendants for their acceptance. They are right in this contention if, assuming what took place constituted an offer, the plaintiff had not fulfilled all its conditions before it was withdrawn; or if, assuming that a contract of employment had been made, everything had not taken place on which the plaintiff's right to recover depended. See *Sibley* v. *Felton,* 156 Mass. 273.

The test, whether the basic transaction was an offer or a contract of employment, is whether, when made, consideration was furnished. Williston, Contracts, § 60. It appears that there was no bilateral contract entered into. None is alleged. The consideration was the performance of certain things to be done in the future. At the beginning, then, there was merely an offer, not a contract. The offer could be withdrawn at any moment before the conditions were fulfilled. The conditions as stated by the plaintiff's agent, if made in February, 1922 were: to get a customer for his property, total price $29,000, "$4,000 or $5,000 in cash, the balance to be on a mortgage, a first mortgage to be taken by the bank, and he would take a second mortgage, and the payments to be worked out when we got together, got a buyer." For this the regular commission, three and one-half per cent. was to be paid.

There is no dispute that these conditions never were fulfilled. There was no working out of amounts of the mortgages, the times they were to run, the rates of interest. The evidence does not show that the proposed customers would have agreed to satisfactory terms. All it indicates is that they were willing and able to pay $5,000 cash, on a total price of $30,000, and desired to arrange other terms if possible. If payments could not be "worked out" reasonably, the defendants would have been under no obligation to treat the conditions of the offer as fulfilled.

If made on October 6, the conditions, as stated by the plaintiff's agent, were that the defendants were willing to sell for $29,000; $4,000 or $5,000 down, a new first mortgage in place of the mortgage for $14,500 then on the property and held by a bank, they to take a second mortgage for the difference between such new first mortgage and the purchase price diminished by the cash payment, commission about $1,000. The plaintiff thereupon produced his customers, not to accept and carry out agreed terms, but to haggle on price and terms. The defendants increased their price after the proposed customers had assented to $29,000 and later to $30,000 as a price, but before owners and customers had arranged terms of mortgage, interest, or time of performance. There was no moment before negotiations were broken off when either party to the transaction knew what the actual details of the contract of sale were going to be. Under such circumstances the defendants had a right to withdraw their offer. The plaintiff had not fulfilled the conditions called for nor established the facts necessary to make out a breach of a special contract. *Clark* v. *Bonner, supra. Doten* v. *Chase, supra.* These facts distinguish this case from *Witherell* v. *Murphy,* 147 Mass. 417.

They had, however, no such right if they were acting in bad faith to defeat the plaintiff's earning his commission. The cases in which such bad faith has been found to exist are cases in which a sale has later been made. Profit from the plaintiff's exertions seems essential to proof of bad faith. *Smith* v. *Kimball,* 193 Mass. 582, 586. *O'Connell* v. *Casey,* 206 Mass. 520, 526. *Worster* v. *Stone,* 217 Mass. 523, 526. *Des Rivieres* v. *Sullivan,* 247 Mass. 443. There is no sufficient evidence here of a purpose to deprive the plaintiff of his commission.

The defendants were entitled, therefore, to a directed verdict. As matter of law, on the evidence the plaintiff failed to make out a case. What has been stated establishes that there was error in refusing to give the requests for instructions numbered 2 and 3. Request 4 was too broad and was denied properly. The charge was erroneous in leaving the jury to find whether the customers were able to meet the

defendants' conditions; for there was no evidence that any one ever knew the details of the conditions. There was error also in the instruction that a contract is made when a man lists property "with a real estate man to find a purchaser for him." *Bruce* v. *Meserve, supra. Doten* v. *Chase, supra. Marden* v. *Howard, supra. Des Rivieres* v. *Sullivan, supra.* The exceptions must be sustained, and, pursuant to G. L. c. 231, § 122, judgment is to be entered for the defendant.

*So ordered.*