F. VINCENT KELLY & another *vs.* CHARLES JOHNSON & others.

Middlesex.    December 10, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Broker,* Commission.

Although a real estate broker, who has complied with all the conditions of an offer by the owner of real estate to pay him a commission upon his procuring a customer on specified terms, is not obliged to see that a binding contract is entered into or carried out, yet, in case the terms of the offer have been modified before the commission has been earned, he is bound to prove that the customer was ready, willing and able to buy on the modified terms.

An owner of real estate agreed to pay a broker a certain commission if he procured a purchaser for the real estate at the price of $52,000. The broker procured a purchaser for $48,000 with whom the owner finally signed an agreement to sell conditioned upon the owner's "procuring

discharge of existing mortgages on payment of $33,000." At the time for passing papers, the mortgagee refused to release unless he was paid $33,000 and interest to the due date of the mortgage, which was in the future, and the owner refused to comply with such request or to carry through the transaction. *Held,* that the broker was not entitled to a commission.

CONTRACT. Writ dated October 1, 1923.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is stated in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendants. The plaintiffs alleged exceptions.

*R. J. Lavelle,* (*F. J. Garvey* with him,) for the plaintiffs.

*A. S. Howard,* for the defendants.

SANDERSON, J. This is an action of contract to recover a real estate broker's commission. The plaintiffs' evidence tended to show that the defendant Johnson placed the property in question with them to be sold for $52,000, agreeing to pay therefor the usual commission of three and one half per cent; that they found, as a prospective purchaser, one Wolfson, and thereafter a proposed agreement for the sale of the property to him for $48,000 was signed by the defendants but Wolfson declined to become a party to it unless a provision were added stating the amount of the rents and income of the property; that a new agreement with these additional provisions was then prepared by counsel for the purchaser, but the defendants were unwilling to become parties to this modified agreement until a clause in the following terms was added: "This agreement is contingent on the party of the first part [the defendants] procuring discharge of existing mortgages on payment of thirty-three thousand dollars"; the agreement also contained provisions for the conveyance of the property on or before October 10, 1923, and for the payment by the defendants to the plaintiffs of a broker's commission. There were two mortgages maturing in January, 1924, held by one person as security, for the aggregate principal sum of $38,000, each of which covered the property to be conveyed and other real estate. Before the date set for passing the papers, the plaintiff Kelly had seen

the mortgagee and had been told by him that he would give a release of the mortgages described in the agreement upon receiving $33,000 and interest. Kelly told the defendant Johnson that the mortgagee would give a partial release upon the payment of $33,000. When the parties met to pass papers, the holder of the mortgages refused to give such a release unless he were paid $33,000 with interest to the date of the maturity of the mortgages. Johnson was ready and willing to pay the principal demanded with interest to the date of payment, but in consequence of the mortgagee's demand for future interest, the defendants refused to carry through the transaction.

The evidence does not justify a finding that the plaintiffs procured a customer ready, willing and able to buy upon the terms originally offered by the owner. Their contention is, however, that their commission has been earned because the defendants entered into an agreement for the sale of the property to the customer introduced by them. But upon the evidence there was no time when the terms of the defendants' offer were accepted until the agreement containing the contingency clause was signed. *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 185 Mass. 391, 395. *Woods* v. *Matthews,* 224 Mass. 577. *Marden* v. *Howard,* 242 Mass. 350, 355, 356. Although it is true that a broker who has complied with all the conditions of an offer is not obliged to see that a binding contract is entered into or carried out, yet, in case the terms of the offer have been modified before the commission has been earned, he is bound to prove that the customer was ready, willing and able to buy on the modified terms. By reason of the contingency clause, when it appeared that the owners could not obtain a partial release of the mortgages for $33,000, the whole agreement was at an end, and the plaintiffs could not recover because they had not fulfilled the conditions of the defendants' offer by procuring a customer ready, willing and able to buy upon the defendants' terms. *Ward* v. *Cobb,* 148 Mass. 518, 521. *Clark* v. *Bonner,* 217 Mass. 201. *Cesana* v. *Johnson,* 232 Mass. 444, 447. *Doten* v. *Chase,* 237 Mass. 218. *Elliott* v. *Kazajian,* 255 Mass. 459. The provision making the agree-

ment contingent upon the procuring of the discharge of existing mortgages on payment of $33,000 could not be construed to mean upon the payment of that sum with interest to January, 1924. The order directing a verdict for the defendant was right.

*Exceptions overruled.*