PHILIP ZISMAN *vs.* CHARLES S. SPITZ.

Suffolk. March 7, 1927.— May 18, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Broker,* Commission.

At the trial of an action by a real estate broker to recover for services rendered in securing a customer for real estate of the defendant ready, willing, and able to purchase on terms agreed upon between the plaintiff and the defendant, there was evidence that the plaintiff, at the defendant's request, brought to him an intending purchaser who was able, willing and ready to purchase; that the purchaser and the defendant agreed upon terms of a contract which the defendant was to have ready for signature the following day; that, over night, the owner secured a lessee for a part of the premises which, in his judgment, gave them greater value, and refused to go on upon the agreed terms; that thereafter the plaintiff acceded to the defendant's refusal to pay full commission, and agreed to take a certain sum. *Held,* that

(1) The withdrawal by the defendant from the sale after the plaintiff had performed all the services he had undertaken to perform did not preclude recovery by the plaintiff;

(2) A verdict for the plaintiff was warranted.

CONTRACT. Writ dated July 18, 1924.

In the Superior Court, the action was tried before *Whiting,* J. Material evidence is described in the opinion. There was a verdict for the plaintiff in the sum of $280. The defendant alleged exceptions.

The case was submitted on briefs.

*D. Flower,* for the defendant.

*H. E. Ehrlich & T. H. Mahony,* for the plaintiff.

WAIT, J. This is an action by a real estate broker to recover for services rendered in securing a customer ready,

willing and able to purchase on terms agreed upon between the contracting parties. The plaintiff declared in two counts, which were, in substance, the same, although the second is described as upon an account annexed. After verdict for the plaintiff, the defendant presents his exception to the refusal by the trial judge to order a verdict in his favor.

There is no merit in the exception. It is not necessary to discuss the evidence in detail. There was evidence to justify findings that the plaintiff, at the defendant's request, brought to him an intending purchaser who was able, willing and ready to purchase; that the purchaser and defendant agreed upon terms of a contract which the defendant was to have ready for signature the following day; that, over night, the owner secured a lessee for part of the premises which, in his judgment, gave them greater value, and refused to go on upon the agreed terms. Furthermore, there was evidence to justify findings that the plaintiff acceded to the defendant's refusal to pay full commission, and agreed to take $250. No sale was made.

The defendant cites only *Elliott* v. *Kazajian*, 255 Mass. 459, and the cases there referred to, in support of his contentions. The decision is not applicable where, as here, there is evidence that all the terms of the proposed contract of sale have been agreed upon and that the broker has performed all that he has undertaken. The principles stated in the opinion establish that the seller cannot withdraw his offer or refuse to perform his contract when the broker has performed fully and the minds of the parties to the proposed contract have met in final agreement.

Here there was evidence to justify finding that both these things had taken place. Its weight was for the jury. The ruling was right.

*Exceptions overruled.*