JAMES A. DONOVAN *vs.* EDWARD F. FREEMAN.

Suffolk.    March 6, 1928. — May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Broker*, Commission.

Evidence, at the trial of an action by a broker against an owner of real estate for a commission, that the defendant and a purchaser procured by the plaintiff had fixed upon a price and the proportions to be paid down and to be paid at the time of passing the papers, and had agreed that an agreement in writing should be drawn up shortly, warranted a finding that the defendant and the purchaser had made a completed agreement, although, before the agreement in writing was drawn up or signed or any time fixed for the passing of papers, the defendant sold the property to another person; and a motion by the defendant that a verdict be ordered in his favor properly was denied.

CONTRACT by a real estate broker to recover a commission. Writ dated July 20, 1926.

In the Superior Court, the action was tried before *Williams*, J. There was evidence that the plaintiff was hired by the defendant to procure a customer for his real estate; that the plaintiff procured a customer with whom the defendant bargained; that the defendant and the customer finally agreed on a price, a certain amount to be paid down and the balance to be paid on the passing of the papers; that, being desirous of having their agreement in writing, the parties went to the office of a lawyer who was not there at the time; that the defendant then said he would have the agreement drawn and would get in touch with the plaintiff; and that a few days later the defendant notified the plaintiff that he had sold the property to another person.

The judge denied a motion by the defendant that a verdict be ordered in his favor and there was a verdict for the plaintiff in the sum of $802.79. The defendant alleged exceptions.

*J. J. Enright*, for the defendant, submitted a brief.

*J. M. Maloney*, (*P. J. McManus* with him,) for the plaintiff.

WAIT, J.   This is an action by a real estate broker to recover a commission.   The evidence was conflicting and justified contradictory inferences.   We find no error in the refusal to direct a verdict for the defendant.   It is his contention that the buyer, introduced by the plaintiff, and the seller had not arrived at a completed bargain when the latter put an end to the negotiation by selling to a third party at a greater price.   His difficulty is that the testimony permitted a different finding of fact.   It is true, as was stated in *Doten* v. *Chase*, 237 Mass. 218, 220, cited by the defendant, that "The circumstance that the parties do intend a subsequent agreement to be made, is strong evidence to show that they did not intend the previous negotiations to amount to an agreement"; but it is not necessarily conclusive.

A finding that no completed agreement had been made seems more consistent with the printed evidence; but we cannot say that the judge who saw and heard the witnesses was wrong in ruling that an issue of fact to be determined from conflicting evidence was presented.   There is nothing in this which contradicts the decisions in *Flax* v. *Sovrensky*, 262 Mass. 60, and *Kelly* v. *Johnson*, 258 Mass. 478.

*Exceptions overruled.*