Nash, J.
This is an action of contract by which the plaintiff a real estate broker, seeks to recover a commission for procuring a customer for the purchase of property of the defendant. The defendant alleges that a part of the agreement between the parties was that the plaintiff should sell to the defendant real estate owned by him. This was denied by the plaintiff. On conflicting testimony the trial court found that on March 10, 1944 the plaintiff and the defendant entered into a signed agreement by which the defendant gave to the plaintiff the exclusive agency for the sale of the property for sixty days for $4,700.00 at a commission of 4%, and that the plaintiff did not agree to sell to the defendant any other real estate as a part of the . agreement.
Before the expiration of the sixty day period a man named Smith, a real estate broker, told the defendant the *225 property was worth $5,500.00, but the defendant said the plaintiff had exclusive agency for the osale of the house and she could not sell to him. Smith then went to the plaintiff and told him he was ready, able and willing to purchase the property for $4,700.00, and at the trial produced a certified check for $5,000:00, and testified he was ready, able and willing to purchase the property, and had been willing so to do up to and including the expiration of the sixty day period set forth in the agreement for exclusive agency to sell the property. There was no evidence that he at any time made any deposit with the plaintiff or signed any agreement.
The plaintiff never told the defendant that Smith was the customer, but on May 10, 1944 sent the following letter to the defendant:
“May 10,1944
Mrs. Marie Anna Almeida,
75 'Clifford Street,
New Bedford, Massachusetts.
Dear Madam:
This is to again notify you that I have a purchaser for your property at 75 Clifford Street, New Bedford, for the price of $4700.00 cash and as stated in your agreement dated March 10,1944.
As you know, I have repeatedly told you that I had a purchaser and for the last week I have been trying to reach you day and night but have always been informed that you were out of the City.
Unless you immediately agree to convey the property as above stated and pay my commission, I shall bring suit agáinst you.
Yours very truly,
/s/ LOUIS P. GAUVIN,
424 Ashley Blvd.,
New Bedford, Mass.”
This letter was left under the door of the home of the defendant on or about May 10th by a constable, and was received by the defendant.
*226 On this evidence the trial judge found for the plaintiff in the sum of $188.00 damages and costs. 'The plaintiff filed six requests for rulings all of which were allowed and the defendant four requests for rulings all -of which were denied. The defendant’s third request was as follows:
3. The plaintiff failed to produce a buyer, ready, able and willing to purchase on the terms- agreed upon by the defendant and the plaintiff.
The defendant claiming to be aggrieved by the rulings of the Court on the requests for rulings and on the Court’s finding that the plaintiff produced a customer, -Smith, who was ready, able and willing to purchase the property on the defendant’s terms, such finding being against the weight of the evidence as a matter of law, and that the finding for the plaintiff is against the law, the case was reported to this Appellate Division.
On the defendant’s third request for ruling the Court found that ‘ the plaintiff did find a customer who was ready, able and willing to purchase the property at the price of $4,700.00”.
The Court among other findings- found “That the plaintiff advertised the property for sale, and took several prospects to look at it. I find that the defendant showed the prospects through the house ... I find that the plaintiff went to the house of the defendant within sixty days allowed in the contract to notify the defendant that he had found a customer, but not finding the defendant at home, the plaintiff left a note under the door of her tenement, and that the defendant received the note ... I find that the plaintiff on the sixtieth day notified the defendant a second time by letter which she received that he had a customer for the property ... I find that the defendant told Smith that *227 she was waiting for the time given in the contract to run out”.
In the evidence set forth in the report as all the evidence material to the questions reported there is' no testimony by anyone that could substantiate any such findings, in fact the only evidence bearing on the question of notifying the defendant that he had produced a customer ready, able and willing to purchase the property on the defendant’s terms is the self-serving letter admitted in evidence dated May 10, 1944 set forth above.
This letter is dated at least one day after the sixty day period had elapsed. Bemis v. Leonard, 118 Mass. 502, 506; Chamberlain & Burnham, Inc. v. Cohn, 261 Mass. 322, 325, 326, and states that the plaintiff had repeatedly notified the defendant that he had a purchaser for the defendant’s property, but the Court reports no testimony from the plaintiff that he had ever notified the defendant that he had procured a purchaser. The plaintiff did testify however that he never told the defendant that “Smith” was the customer. No one else offered any testimony that the defendant had received notice within the sixty day period from any source that a purchaser had been secured.
. By listing her property with the plaintiff the defendant did not make a contract of employment with him, Cadigan v. Crabtree, 179 Mass. 474, 480, 481, 484; Elliott v. Kazajian, 255 Mass. 459, 461, but merely an offer that may become a contract when the broker accepts the offer by fulfilling its terms. Fitzpatrick v. Gilson, 176 Mass. 477. Roche v. Smith, 176 Mass; 595, 597, Elliott v. Kazajian, 255 Mass. 459, 461 and cases cited.
By its terms he was to produce a customer within sixty days who was ready, able and willing to purchase the property for $4,700.00.
*228 When he brought to his principal a customer who could purchase in accordance with such terms, he would be entitled to his commission. Willard v. Wright, 203 Mass. 406, 409.
The broker has not done so. He testified he did not tell the principal who the customer was, there is no evidence other than the letter dated May 10, 1944 at least one day after the" sixty days had elapsed that he had notified his principal that he had a customer, and this letter can be of but dubious value. The letter is self serving, and it does not identify any purchaser with whom the principal may deal. He brought no purchaser to his principal who was ready, able and willing to purchase the property on the terms stated within the period of sixty days, and as he has failed to do what he had agreed to do, he is not entitled to any commission.
The finding of the Court that the letter of May 10, 1944 was dated and delivered within the period of 60 days during which the plaintiff had the exclusive agency is clearly erroneous for the reasons above stated.
The finding of the Court that the plaintiff within the period of 60 days left a. note under the door of the defendant and that she received the note does not go far enough. There is no finding she received the note within the 60' day period. She may have received it after the period.
We think the finding of the Court was against the weight of 'the evidence, and the law and that it was prejudicial error not to have given the defendant’s request for ruling numbered three.
If it had been given, judgment for the defendant would have followed.
The finding for the plaintiff is vacated and judgment is to be entered for the defendant. Ordered accordingly.