HOLMAN K. WHEELER & another *vs.* WILLIAM J. ANGLIM.

Essex. January 3, 1907. — January 3, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Evidence,* Opinion: experts, Materiality. *Architect. Practice, Civil,* Exceptions.

In an action on a *quantum meruit* by an architect for compensation for professional services in making preliminary plans for a building, the plaintiff, being an expert, may testify as to the value of his services and as to a universal usage among architects and builders to charge for preliminary plans one per cent of the estimated cost of the building.

In an action on a *quantum meruit* by an architect for compensation for professional services in making preliminary plans for a building, where the defence is that the plans were furnished by the plaintiff in a competition with the understand-

ing that the plaintiff should receive no compensation unless his plans were accepted, evidence offered by the defendant to show that other architects submitted preliminary plans for the building in competition and the correspondence of the defendant with such other alleged competing architects should be excluded as immaterial, unless it is shown that these matters were made known to the plaintiff.

No exception lies to the exclusion of testimony which later in the trial is given by the same witness.

CONTRACT on a *quantum meruit* by the members of a firm of architects for $800 as compensation for professional services in making preliminary plans for a business building of the defendant in Brockton of the estimated cost of $80,000. Writ dated August 18, 1905.

In the Superior Court the case was tried before *Fox,* J.

The testimony introduced by the plaintiffs tended to show that the defendant employed the plaintiffs, a firm of architects having their principal office in Lynn, to prepare sketches and plans for a business block, the building of which in Brockton was being contemplated by the defendant. The plaintiffs introduced no evidence of any written or oral agreement as to compensation.

The defendant contended and testified that the plaintiffs were permitted to submit sketches and plans in competition with other architects; that the plaintiffs and several other architects did in fact submit competitive sketches and plans; that it was understood and agreed between himself and the plaintiffs that they should be entitled to and receive no compensation unless their sketches and plans were chosen by him in the competition, and that sketches and plans other than those of the plaintiffs were so chosen. The plaintiffs denied that they had any knowledge of any competition or that they should receive no compensation unless their plans were chosen.

Charles L. Betton, one of the plaintiffs, testifying in their behalf, having stated that he told the defendant that an eight story building would cost about $10,000 a story, making a total of about $80,000 for the building, on direct examination was asked " What was a fair price for doing this work for Mr. Anglim? " and replied " Eight hundred dollars "; to the admission of which question and answer the defendant objected and excepted.

Holman K. Wheeler, the other plaintiff, testifying in behalf of the plaintiffs, on direct examination was asked " Whether or not there is a uniform usage among architects and builders, a universal usage that has continued ever since you have been in business, whereby they charge their customers a certain per cent upon the estimated cost of the building for their services ? " and replied " Yes, there is " ; and then was asked " What is that price that architects charge for preliminary plans ? " and replied, " One per cent of the estimated cost of the building," and then was asked, " What was the value of this work that you did for Mr. Anglim ? " and replied, " Eight hundred dollars " ; to the admission of all of which questions and answers the defendant objected and excepted. The last question was objected to on the ground that the witness was not competent to pass on the value.

The defendant, having testified concerning interviews with the plaintiffs regarding competition, in the course of his direct testimony was asked, " to show the status of the witness's mind in what he was doing," " At the time that they (the plaintiffs) were working upon and submitting to you the sketches for your examination, had you then been in conference with architects in relation to the same job ? " On the objection of the plaintiffs the question was excluded, and the defendant excepted.

The defendant having testified that the plans of one J. William Beal, a Boston architect, had been accepted for the building, and that he had been in consultation with Beal at the time he was consulting and conferring with the plaintiffs, on direct examination was asked, " And did Mr. Beal submit preliminary sketches upon competition in the same way ? " On the objection of the plaintiffs the question was excluded, and the defendant excepted.

The defendant on re-direct examination was asked " Did you have correspondence with these other competing architects during the time that you were corresponding as has appeared here with Wheeler and Betton ? " and replied " I did " ; and then was asked " And was that correspondence concerning plans which they were making in competition for this lot ? " To the exclusion of which questions and answer on the plaintiffs' objection the defendant excepted.

The defendant sought to introduce correspondence from the other alleged competing architects, but such correspondence on the objection of the plaintiffs was excluded ; to which ruling the defendant excepted.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiffs were not entitled to recover. The judge refused so to rule, and found for the plaintiffs for the full amount named in their declaration with interest. The defendant alleged exceptions.

The defendant submitted no brief or argument.

*J. C. Batchelder,* for the plaintiffs, submitted a brief.

BY THE COURT. The exceptions in this case relate to the admission and exclusion of evidence. The opinions of the plaintiffs as to the value of their services were competent. They were experts. The relations of the defendant to other architects, not made known to the plaintiffs, were immaterial. Other testimony, to the exclusion of which exception was taken, was given by the same witness in another part of the case, and the defendant was not injured by its exclusion. The defendant has not pointed out any error in the rulings, and we do not discover any.

*Exceptions overruled with double costs.*