ISRAEL BRILLIANT *vs.* GEORGE SAMELAS.

Suffolk.    March 24, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Broker*, Commission.  *Agency.*

Where a broker is employed by the owner of certain real estate to procure a customer either to buy the property or to exchange other property therefor, and he finds a customer who enters into an agreement for an exchange of property with the owner and who is able, ready and willing to carry out the agreement, the broker has earned his commission by procuring the customer, although the landowner that employed him refuses to make the exchange.

· CARROLL, J.  This is a bill in equity to reach and apply to the satisfaction of the plaintiff's claim, the defendant's interest in a certain mortgage.  R. L. c. 159, § 3, cl. 7.  The defendant placed his property in the hands of the plaintiff for the purpose of sale or exchange, and agreed to pay the plaintiff a commission if he procured a customer to whom the defendant could sell or exchange his property.  One Merkelson owned property in Revere, and the plaintiff brought the defendant and Merkelson together.  At an interview in March, 1914, all the terms of the agreement for the exchange of the Revere property and the property of the defendant in East Boston were completed, except the placing of a loan

upon the property in Revere, the plaintiff and his witness contending that the loan was to be for the sum of $14,000 for five years, and the defendant contending it was to be $15,000 for five years. Merkelson did secure a mortgage for $14,000 for five years and the defendant was notified of this fact but refused to make the exchange on the terms agreed to, and later sold the property to one Rebecca Cohen, taking from her a mortgage, the interest of the defendant in which the plaintiff seeks to reach and apply by this bill in equity.

The judge of the Superior Court * found that the plaintiff had earned his commission and a decree has been entered in his favor. On an appeal from such a decree, where the witnesses were seen and heard by the judge sitting in equity, his decision will not be disturbed unless it is clearly wrong. *Dickinson* v. *Todd,* 172 Mass. 183. *S. K. Edwards Hall Co.* v. *Dresser,* 168 Mass. 136.

It was undisputed that the plaintiff was hired to procure a customer, either to buy the property of the defendant or to exchange other property therefor. It was practically admitted that Merkelson, through the efforts of the plaintiff, entered into an agreement with the defendant. The question of the amount of the mortgage, the finality of the agreement of the parties and all the facts in the case were questions for the judge to decide, and his findings ought not to be reversed. There was ample evidence that the plaintiff found a customer who was able, ready and willing to make the exchange, and that was what he was employed to do.

We are unable to distinguish the case at bar from the case of *Fitzpatrick* v. *Gilson,* 176 Mass. 477, where the principle is clearly stated in this language: "When a broker has found a customer for that for which his principal has employed him to find a customer, the broker has performed his duty and has earned his commission, or, as the proposition is usually stated, if the person produced by the broker is able, ready, and willing to buy, sell, or lend, as the case may be, the broker's commission is earned." See also *Munroe* v. *Taylor,* 191 Mass. 483; *Taylor* v. *Schofield,* 191 Mass. 1; *Boardman* v. *Hanks,* 185 Mass. 555.

The rule established in *Fitzpatrick* v. *Gilson* is not disturbed by anything decided in *Quinn* v. *Burton,* 188 Mass. 466, where the

---

* *Jenney,* J.

supposed customer never agreed to make an exchange, or in *Clark v. Bonner,* 217 Mass. 201, where it was a question of fact whether the purchaser was ready to exchange or the parties ever agreed on any terms.

It was not necessary for the plaintiff to take part in making the final contract of exchange. *Willard* v. *Wright,* 203 Mass. 406.

*Decree affirmed.*

*S. Carver,* for the defendant.
*J. H. Blanchard,* (*H. C. Blanchard* with him,) for the plaintiff.