EDWINA M. WHEELER *vs.* NICHOLAS J. LAWLER & another.

Worcester.    October 4, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Agency,* Commission.

In an action by a woman, against copartners carrying on business as an amusement company, upon a promise in writing to the plaintiff that, if she would procure a satisfactory purchaser for a certain moving picture show belonging to

---

the defendants at the price of $1,500, they would pay her a commission of ten per cent on such purchase price, where there is evidence warranting findings that the plaintiff procured a purchaser who agreed in writing to accept the defendants' offer and was able and willing to pay the defendants $1,500 for the picture show, and that about one month later one of the defendants wrote to the plaintiff that the offer to sell was withdrawn and gave as the reason, that his copartner was opposed to selling the property and would not "under any consideration agree to transfer" it, the plaintiff is entitled to go to the jury.

CONTRACT, against Nicholas J. Lawler and T. L. Lawler, copartners doing business under the name of the Lawler Amusement Company and having their usual place of business in Athol, to recover $150 as a commission of ten per cent which the defendants agreed to pay to the plaintiff if she procured a purchaser who would pay $1,500 for their moving picture show, alleging further that the plaintiff procured such a purchaser who was able and willing to pay the agreed price and that the defendants, without any reason for such refusal, refused to sell the picture show to such purchaser. Writ dated October 25, 1913.

The defendants' answer contained a general denial, and also alleged that the purchaser procured by the plaintiff refused to pay the price that had been named by the defendants, whereupon they notified the plaintiff that they withdrew the property from sale.

In the Superior Court the case was tried before *Hall*, J. At the close of the evidence, which is described in the opinion, the defendants asked the judge for twelve rulings, of which the judge gave three in substance as instructions to the jury. The others were as follows:

"1. That upon all the evidence, the plaintiff is not entitled to recover.

"2. That [by reason of] the withdrawal of the property from the agent before an acceptance of the offer at the price named by the defendants, the plaintiff is not entitled to recover.

"3. That the proposed purchaser offering less than the price named by the defendants and the defendants withdrawing the property from the market before any further offer is made, the plaintiff is not entitled to recover."

dict must be "Not guilty." *Sanderson*, J., to whom the case was submitted, refused to make any of these rulings, and at the request of the defendant reported the case for determination by this court.

"5. That upon the evidence the plaintiff was the agent of the Eastern Theatres Company, and not the agent for Lawler Brothers, and she did not produce or secure or have a purchaser who would pay $1,500 cash as she agreed, and she is not entitled to recover.

"6. That the letter of August 28th, 1913, from Kimball to Lawler Brothers [described in the opinion] is not an offer to pay $1,500, and is not the result of any action on the part of the plaintiff.

"7. That the plaintiff having stated that she had two customers who would pay $1,500 cash and does not produce them does not fulfill her agreement."

"9. That according to the evidence the plaintiff did not produce or send a purchaser who agreed to pay $1,500, and is not entitled to recover.

"10. That no offer of $1,500 was made by anybody.

"11. That the plaintiff according to her own evidence called the attention of Kimball to the Amherst property and did nothing further toward bringing the partners [parties?] together, and no offer of $1,500 was ever made by Kimball."

The judge refused to make any of these rulings, but in his instructions to the jury gave in substance the three following rulings requested by the defendants:

"4. That the plaintiff in order to recover must have sent a customer or purchaser that was satisfactory to Lawler Brothers, and one that would pay $1,500."

"8. That to entitle the plaintiff to recover she must produce wholly through her own efforts a purchaser who will pay $1,500."

"12. That in order to entitle the plaintiff to recover, there must be a definite offer by a party to purchase for $1,500 and [which?] must be the result of the plaintiff's endeavors."

The jury returned a verdict for the plaintiff in the sum of $162.25; and the defendants alleged exceptions.

*F. J. Lawler,* for the defendants.

*H. W. Blake,* for the plaintiff.

CARROLL, J. August 3, 1913, the defendants wrote to the plaintiff, authorizing her to procure a purchaser for their "Amherst moving picture show," at the price of $1,500, stipulating: "The party must be all right as we do not care to sell to every one."

The plaintiff was to receive ten per cent of the purchase price as her commission. On receipt of the letter she called on one John H. Kimball, the manager of the Eastern Theatres Company, and as a result of her efforts Kimball began negotiations with the defendants, and saw one of them at Amherst. August 15, 1913, Kimball wrote to the defendants, offering to pay the sum of $1,000 for the property. August 18, he wrote offering $1,250. Both offers were refused. August 21, 1913, he again wrote, saying: "I am inclined to feel that we may be able to get together." August 28, in a letter of that date, Kimball expressed his disappointment at the defendants' refusal to sell, and said he "had come prepared to accept your offer, . . . had made my arrangements to take over the same, and our board of directors have fully passed on the matter." September 26, 1913, the defendants sent the letter to the plaintiff which is set forth in the footnote.* There was additional evidence tending to show that Kimball became interested in the purchase of the property through the plaintiff's efforts; that he was ready, able and willing to pay $1,500; and the first notification the plaintiff received of the withdrawal of the defendants' offer of sale was the letter of September 26.

The defendants contended that no offer of $1,500 was received from Kimball; that the plaintiff's authority to act as their broker

---

*                        "Greenfield, Mass., Sept. 26, 1913.

"Dear Miss Wheeler:

Replying to your letter received sometime ago, beg to say that I took up the matter of the Amherst house with Mr. Kimball, he did not want to give the price that I named. My brother was very much opposed to selling this property, but I thought that perhaps he would change his mind.

Mr. Kimball finally wrote me a letter that he would meet me in Amherst regarding the matter, as his letter intimated that he was ready to do business at the price I named and as my brother was opposed to selling the property and informed me that if I did not want to continue, that he would take my share himself, I called Mr. Kimball on the phone and told him the circumstances.

Mr. Kimball has since been here and we talked the matter over but my brother will not under any consideration agree to transfer the Amherst theatre and for that reason we cannot do business with Mr. Kimball.

Yours truly,

Lawler Bros."

was revoked; and further, that she was acting in a dual capacity, the claim being, she was in the employ of Kimball at the time of his alleged offer.

These were all questions of fact for the jury, and the judge could not rule, as matter of law, that the plaintiff could not recover. There was some evidence that the plaintiff found a customer ready, able and willing to buy at the stated price; that the buyer's offer was refused, and the only real objection to the defendants' selling was because one of the defendant partners refused to execute and carry out the sale; that the plaintiff was not discharged until Kimball's offer to buy had been made, and that the plaintiff was acting solely as the agent of the defendants.

These assertions of the plaintiff were all denied by the defendants, and they introduced evidence supporting their contention; but it was plainly for the jury to decide what the facts were, and, if they were as stated by the plaintiff, she was entitled to recover. *Brilliant* v. *Samelas*, 221 Mass. 302, 303. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Witherell* v. *Murphy*, 147 Mass. 417. See *Leonard* v. *Eldridge*, 184 Mass. 594.

The plaintiff had the right to argue that the letter of September 26 disclosed, that, the defendants' real refusal to sell was based on the fact that one of the partners would not "under any consideration agree to transfer the Amherst theatre," and not on the refusal of Kimball to pay the price originally demanded by the defendants. *Marlborough Gas Light Co.* v. *Neal*, 166 Mass. 217. *Brewer* v. *Winchester*, 2 Allen, 389. *Gerrish* v. *Norris*, 9 Cush. 167.

The second and third requests of the defendants deal with the right of the defendants to withdraw the property from the market before their terms were accepted. It was a question of fact whether this was done. While Kimball did make a smaller offer than $1,500, there was evidence from the plaintiff and from the Kimball letter of August 28, tending to show that, before the authority of the plaintiff was revoked, the purchaser was prepared to pay the price asked; and from the letter of September 26 the jury might have found that this letter was the first notice sent to her of the withdrawal of the property.

The fifth request was properly refused. If, as contended by the defendants, the plaintiff was acting as the agent of Kimball

or of the Eastern Theatres Company in buying the property, she could not recover. This was a question for the jury. *Cohen v. Ames,* 205 Mass. 186.

What we have said disposes of the other requests of the defendants.

*Exceptions overruled.*