PALMER RUSSELL COMPANY *vs.* NORAH SALAH.

Norfolk.      November 10, 1950. — January 3, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Broker*, Commission. *Evidence*, Admissions and confessions.

Evidence warranting a finding that a broker with whom a landowner listed his property for sale procured a prospective purchaser ready, able and willing to buy on terms satisfactory to the landowner, as embodied in a contract of sale signed by the purchaser, together with evidence that the landowner told the broker that he would "take care of" the broker's commission, justified a verdict for the broker in an action against the landowner for the commission, even though the landowner did not sign the contract nor carry out the sale.

A statement, made by a landowner to a broker after he had listed his property with the broker for sale and there had been negotiations with a prospective purchaser procured by the broker, that the landowner would "take care of" the broker's commission, might be found to be an admission of liability therefor.

CONTRACT. Writ in the Superior Court dated September 4, 1947.

The action was tried before *Beaudreau, J.*

*A. Sigel,* for the defendant.

*S. DeBard,* for the plaintiff.

LUMMUS, J. The plaintiff, a real estate broker, brought this action of contract to recover a commission. There was

a verdict for the plaintiff. The defendant excepted to the denial of a motion for a directed verdict in her favor, and to the refusal of the judge to enter a verdict for the defendant under leave reserved.

There was evidence in substance as follows. The defendant listed her property on Longwood Avenue in Brookline with the plaintiff for sale at $14,000. The plaintiff procured a customer named Parkinson, who made an offer of $15,000, which the defendant refused, as she demanded $16,000. The plaintiff prepared an agreement of sale for $16,000, $500 of which was to be payable in cash and the remainder on delivery of the deed. The agreement was conditioned upon the buyer's obtaining a first mortgage of $10,000 and the seller's taking back a second mortgage of $2,000, and was "subject to the tenant . . . vacating July 31, 1947." It provided that the seller might occupy free of rent until September 1, 1947. Parkinson signed the agreement.

On July 12, 1947, the defendant said she wished to submit the matter to her attorney. She did so, and shortly afterwards the attorney telephoned the plaintiff that the agreement was satisfactory except that the defendant did not wish to take a second mortgage. The customer Parkinson had arranged with a bank that it would take a first mortgage of $11,000. The plaintiff drew a new agreement of sale in which the first mortgage was described as of $11,000, and all reference to a second mortgage was omitted. Parkinson signed the new agreement, which, with the plaintiff's check for the deposit of $500, was sent to the defendant, who telephoned the plaintiff that the agreement was satisfactory, but that she wished to wait until her husband returned. Later the defendant told the plaintiff in substance that she would take care of the plaintiff's commission. She returned the agreement and deposit check to the plaintiff by mail. If the defendant is liable for a commission, it was not contended that the amount of the verdict was improper. It was not contended that the purchaser Parkinson was not able, ready and willing to buy according to the agreement.

The evidence warranted a finding that the plaintiff procured a customer able, ready and willing to buy on the defendant's terms, and such a finding is all that is necessary, in the ordinary case, to warrant a verdict for the broker. *Rich* v. *Mezzetti,* 323 Mass. 669. The fact that the defendant failed to sign or carry out the agreement does not preclude recovery. *Chapin* v. *Ruby,* 321 Mass. 512, 515. *Seigel* v. *Cambridge-Wendell Realty Co.* 323 Mass. 598, 601. The defendant's attorney told the plaintiff "that the papers were all right except that Mrs. Salah did not want to take back a second mortgage." Her promise to "take care of" the plaintiff's commission was an admission of liability.

*Exceptions overruled.*