JOHN DRISCOLL *vs.* JOHN S. BUNAR.

Plymouth. November 8, 1951. — February 7, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Broker*, Commission. *Evidence*, Opinion, Conclusion, Competency, Relevancy and materiality, Of state of mind. *Damages*, For breach of contract.

A real estate broker authorized by an owner of property to procure a customer ready, able and willing to buy the property on terms stated by the owner to the broker earned a commission by producing such a customer and informing the owner thereof, although the owner thereupon refused to deal with the customer and attempted to revoke the broker's authority.

A finding that a customer for certain property produced by a real estate broker was ready, able and willing to buy the property on its owner's terms was warranted by evidence that the customer paid a deposit and signed a purchase contract and that he had part of the purchase price in cash and intended to obtain the rest by a mortgage loan which he authorized the broker to arrange for him, together with testimony by the customer that he was ready, able and willing to buy on such terms.

Testimony by a customer produced by a real estate broker for certain property, that he was ready, able and willing to buy the property on its owner's terms, was not a mere opinion or conclusion and might properly be admitted at the trial of an action by the broker against the owner for a commission.

At the trial of an action by a real estate broker for a commission for procuring a customer ready, able and willing to purchase property of the defendant on his terms, a sale and purchase contract, although signed by the customer only and not binding on the defendant, was admissible

in the circumstances to show that the customer was procured through the plaintiff's efforts.

It was error to submit the question of substantial damages to the jury at the trial of an action by a real estate broker for a commission for procuring a customer for property of the defendant where there was no evidence of an agreement for a commission in a specific amount or of the fair value of the plaintiff's services.

CONTRACT. Writ in the District Court of Brockton dated January 6, 1951.

Upon removal to the Superior Court, the action was tried before *O'Connell,* J.

*L. H. Miller,* for the defendant.

*L. P. Reservitz,* for the plaintiff.

RONAN, J. This is an action of contract by a broker to recover a commission for procuring a customer who, it is alleged, was able, ready, and willing to purchase the defendant's real estate upon the defendant's terms. The jury found for the plaintiff. The defendant saved exceptions to the admission of evidence, to the denial of various requests, to parts of the charge, and to the refusal to grant a motion for a directed verdict.

The jury could adopt the evidence introduced by the plaintiff and find that in accordance with the defendant's offer he procured a customer, one Kennedy, who was able, ready, and willing to purchase the defendant's property upon the terms stated by the defendant to the plaintiff, a real estate broker, and that the defendant refused to deal with Kennedy and revoked the plaintiff's authority. The defendant testified that he never gave any selling price to the plaintiff and that the only authority he gave to the plaintiff was to submit offers. If this were true, until he accepted an offer he would not be liable for a commission; but the jury were not required to believe his testimony.

The failure of the defendant to accept Kennedy as a buyer would not deprive the plaintiff of a commission if he successfully accomplished what he undertook to do in compliance with the defendant's offer, which in this case was to produce a customer able, ready, and willing to purchase the defendant's property upon the terms given to the plaintiff

and to notify the defendant of this fact. The fact that the defendant did not sell his property to the customer or to anyone else is immaterial. The defendant's offer upon the production of such a customer ripened into a unilateral contract. *Elliott* v. *Kazajian*, 255 Mass. 459, 461–462. *Maher* v. *Haycock*, 301 Mass. 594, 596. *Barsky* v. *Hansen*, 311 Mass. 14, 16. Where the owner has refused to deal with and accept the customer produced by the broker, the broker has the burden of proving that the customer he has produced is able, ready, and willing to purchase on terms which the owner stated would be satisfactory to him. *Fitzpatrick* v. *Gilson*, 176 Mass. 477. *Goodnough* v. *Kinney*, 205 Mass. 203. *Wheeler* v. *Lawler*, 222 Mass. 210. *Stuart* v. *Newman*, 241 Mass. 33, 36. *Ripley* v. *Taft*, 253 Mass. 490, 492–493. *Frankina* v. *Salpietro*, 269 Mass. 292, 295. *John T. Burns & Sons Inc.* v. *Hands*, 283 Mass. 420, 422. *Magann* v. *Lawler Bros. Theatre Co.* 312 Mass. 317.

The defendant contends that Kennedy was not able, ready, and willing to buy on the defendant's terms. Kennedy inspected the property, paid the plaintiff a deposit of $100, and signed an agreement on his part to buy which could be found to comply in all details with the defendant's terms. The agreement was not incomplete because it did not state the time for the conveyance of the title and the payment of the purchase price. That is settled by *Church* v. *Lawyers Mortgage Investment Corp. of Boston*, 315 Mass. 1, 8, notwithstanding what was said in *Herbert* v. *Jaffe*, 281 Mass. 202, upon which the defendant relies. The principal contention of the defendant is that Kennedy was not financially able or ready to pay $7,000, which was the price given to him by the plaintiff. The premises, according to the testimony of the defendant, were worth $10,000 although he would take less. Kennedy had $3,000 in cash which he intended to supplement with a $4,000 G. I. mortgage so called. Kennedy at the time he made the deposit gave the plaintiff his papers showing his discharge from the military service and arranged with the plaintiff for the filing of an application for the mortgage loan. He also gave the plaintiff $20 for a

"Veteran's Appraisal." The granting of a loan secured by a mortgage in order to enable a veteran to secure a home has been greatly facilitated by the national government by various provisions safeguarding the interests of the veteran and guaranteeing up to sixty per cent the payment of the loan. U. S. C. (1946 ed.) Sup. IV, Title 38, § 694a. The plaintiff took up the granting of the loan with a bank and reported to Kennedy, but nothing further was done about obtaining the loan because the defendant, on the day the deposit was paid and the plaintiff had gone to the bank in Kennedy's behalf, refused to go through with the sale. The plaintiff was not obliged to show that Kennedy had the necessary cash in his possession or in a bank, for one may be financially able if from his own resources, or on his own credit or on the security of the property he is to purchase, he will be able to command the necessary funds when the time comes for the completion of the transaction. *Hutchinson* v. *Plant,* 218 Mass. 148, 152–153. *Casey* v. *Fritz Carlton Hotel Co.* 254 Mass. 223, 227. *Philbrick* v. *Chase,* 95 N. H. 82.

Kennedy testified that he was able, ready, and willing to purchase the property upon the terms which it could be found were those that the defendant proposed. It is contended by the defendant that this evidence of Kennedy amounted to no more than a conclusion upon a matter which it was for the jury to decide. It was pointed out in *Walker* v. *Russell,* 240 Mass. 386, 391, that the willingness of a prospective customer to buy was a material issue depending upon the customer's state of mind, as to which he was properly permitted to testify.

The testimony of a customer that he is able and ready to become a purchaser of property on the terms proposed by the owner is not merely an expression of an opinion but is essentially a statement of fact. Such a statement, like many others, if critically scrutinized, might contain some element of opinion and maybe of law, but it is generally recognized in everyday affairs as an assertion of fact. Everyone understands what one means when he says he is able or

ready. The thought is expressed in the form of a conclusion which rests upon facts known to the speaker. The present tendency is to consider it as a statement of fact. The matter has recently been fully examined in *Kulchinsky* v. *Segal,* 307 Mass. 571, which held that the declaration of a deceased person that another was indebted to him was a statement of fact. It was said in *Mulhall* v. *Fallon,* 176 Mass. 266, 267, that "The extent to which particulars may be summed up in a general expression is a matter involving more or less discretion, and cannot be disposed of by the suggestion that the general expression involves the conclusion which the jury is to draw, or that it is law rather than fact."

At the trial it is better practice to develop the basic facts relative to the ability and readiness of the customer and not to leave the determination of the question to rest alone upon the general assertion of the customer. It is hard to imagine a case in which that will not be done. Such testimony has been held to involve matters of fact and it has been decided that the customer can testify that he was able, ready, and willing to buy. *Hale* v. *Brown,* 215 Ala. 177. *Fisher* v. *Skidmore Land Co.* 189 Iowa, 833. *Jordan* v. *Daniels,* 224 Mo. App. 749. *Lundell* v. *Allen,* 244 S. W. 1098 (Tex. Civ. App.). *Ahearn* v. *Borngesser,* 151 Wis. 194. We think there was no error in the admission of the testimony of Kennedy. The case is distinguishable from those in which a witness attempts to state an inference drawn from the evidence. See *Robbins* v. *Atkins,* 168 Mass. 45; *Greene* v. *Corey,* 210 Mass. 536, 547.

The failure to instruct the jury upon the revocation of the plaintiff's authority was harmless. If, as the jury could find, the plaintiff was authorized to find a customer able, ready, and willing to purchase upon certain terms, and succeeded in so doing, it was too late for the defendant to revoke his authority after the defendant had notice that the plaintiff had found such a customer. If, on the other hand, the only authority the plaintiff had was to secure and submit offers to the defendant, it was immaterial whether the defendant did or did not revoke the broker's authority

because in no event would he be bound until he saw fit to accept an offer brought to him by the plaintiff. *Cramer* v. *Wood,* 302 Mass. 161. *Wm. Pease O'Brien Inc.* v. *American Radiator & Standard Sanitary Corp.* 322 Mass. 242.

There was no error in the admission of the purchase agreement signed by Kennedy even if the agreement was not binding on the defendant — see *Ripley* v. *Taft,* 253 Mass. 490, 492 — because it tended to show that it was through the plaintiff's efforts that Kennedy was procured as a customer. *Glassman* v. *Barron,* 277 Mass. 376, 382. *D. N. Toohey & Co.* v. *Davis,* 85 N. H. 80, 85.

The only other exception that requires any further discussion is that taken to that portion of the charge relative to the amount of the plaintiff's commission. There was no evidence that the defendant promised to pay a certain percentage of the selling price and there was no evidence as to what would be a fair and reasonable charge for the plaintiff's services. *Hollis* v. *Weston,* 156 Mass. 357, 359. *Boston Safe Deposit & Trust Co.* v. *Wall,* 254 Mass. 464, 469. The plaintiff, upon showing a breach of his contract with the defendant, was entitled to nominal damages but not to substantial damages in the absence of proof of such damages. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652. *Nathan* v. *Tremont Storage Warehouse, Inc. ante,* 168. Some services are of such a common kind that a jury, in the absence of any direct and affirmative evidence as to their value, may be presumed to be familiar with them, and so permitted to fix their fair and reasonable value. *Thibault* v. *DeVio,* 318 Mass. 605, 606–607. A jury cannot be assumed to have acquired from common experience and general knowledge of ordinary affairs such information as will enable them justly to evaluate the services of a real estate broker. The plaintiff could have testified to the value of his services and so could anyone who was found qualified to do so. *Walker* v. *Russell,* 240 Mass. 386, 391–392. *Wheeler* v. *Anglim,* 193 Mass. 600, 603. *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569.

There was error in submitting to the jury the question of

substantial damages in the absence of any evidence showing such damages. It follows that the exceptions must be sustained but the new trial is to be confined to the issue of damages.

*So ordered.*