ERNEST A. CARLSON *vs.* ALWIN A. KLAUER.

Middlesex.    October 9, 1952. — November 4, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Broker*, Commission.    *Contract*, Implied.    *Damages*, For breach of contract.    *Value*.

In an action by a real estate broker on an account annexed for services in procuring a purchaser of property of the defendant, evidence, that in connection with an earlier prospective sale of the property to another customer which was not consummated the defendant had promised to pay the plaintiff a specified percentage of the sale price,

and that in the later negotiations with the customer who did purchase the property the defendant asked the plaintiff "to interest" the customer and "to hurry . . . [him] along on the sale," and told the plaintiff that he, the defendant, "would take care of" the plaintiff, warranted a finding that the fair value of the plaintiff's services in the consummated sale was the same percentage of the sale price therein.

CONTRACT. Writ in the Superior Court dated January 5, 1951.

At the trial before *Swift*, J., there was a verdict for the defendant on the first count of the declaration and for the plaintiff in the sum of $850 on the second count. The defendant alleged exceptions.

*Israel N. Samuels*, (*Samuel M. Flaksman* with him,) for the defendant.

*John C. Collins*, for the plaintiff.

COUNIHAN, J. This is an action of contract to recover for services in procuring a customer for certain real estate of the defendant. The declaration was in two counts, the first count alleging an express contract to pay the plaintiff a commission of 5% of the sale price. The jury found for the defendant on that count so we need not consider the exceptions of the defendant in so far as they relate to it. The second count was upon an account annexed involving an implied contract.[1] The jury found for the plaintiff on the second count and the action is here upon the defendant's exception to the denial of a motion for a directed verdict for the defendant on that count.

Upon the evidence most favorable to the plaintiff the jury could reasonably find that at some time the defendant offered to sell the property to certain customers of the plain-

---

[1] "And the plaintiff says that the defendant owes him the sum of eight hundred fifty ($850.00) dollars according to the account hereto annexed and marked 'A' together with interest thereon from October 7, 1949. . . .

Alwin A. Klauer
             To Ernest A. Carlson, Dr.         October 7, 1949

| | | | |
|---|---|---|---|
| 1. | Services rendered in selling premises at 8 Midland Avenue, Newton, 5% of $19,000 .    .    . | $950.00 | |
| 2. | Received on account   .   .   .   .   . | 100.00 | |
| 3. | Balance due .   .   .   .   .   .   . | $850.00 | |
| 4. | Interest from October 7, 1949 .   .   .   . | " | |

tiff and agreed to pay the plaintiff a commission of 5% of the then sale price of $16,000. This deal fell through. Thereafter the defendant employed the plaintiff in a laundry on the premises at a salary of $60 a week. While so employed the plaintiff interested one Wong Shew in the purchase of the property. He introduced Wong Shew to the defendant as a prospective buyer and further negotiations were carried on by Wong Shew and the defendant. At one point in the negotiations the defendant asked the plaintiff "to hurry Wong Shew along on the sale," and he later told the plaintiff "to interest Wong Shew and that the defendant would take care of the plaintiff." The defendant ultimately sold the property to Wong Shew for $19,000. A few days after the sale he gave the plaintiff $100.

The defendant contends that, because there was no evidence as to the fair value of the services of the plaintiff referred to in count 2, the motion for a directed verdict for the defendant should have been allowed. He relies upon what was said in *Driscoll* v. *Bunar*, 328 Mass. 398, 403–404. In that case there was no evidence that the defendant promised to pay any percentage of the sale price and there was no evidence as to what would be a fair and reasonable charge for the plaintiff's services. It was held to be error to submit the question of substantial damages to the jury, and a new trial was ordered on damages only.

While it is true that in the instant action there was no direct evidence of the fair value of the plaintiff's services, there was evidence in our opinion that the plaintiff was to receive a commission of 5% of the sale price paid by Wong Shew less a credit of $100 paid to the plaintiff by the defendant. There was evidence that the defendant agreed to pay the plaintiff a commission of 5% if the first transaction went through. When that deal failed the defendant urged the plaintiff to continue his efforts and as a result he procured Wong Shew who paid $19,000 for the property. When the defendant told the plaintiff that he would take care of him, the jury had a right reasonably to infer that the defendant meant that he would take care of the plaintiff on the same

basis as agreed to in the earlier transaction, and that the plaintiff relied upon this meaning in continuing his efforts on behalf of the defendant.

*Exceptions overruled.*