*District Court of Western Hampden*

**THOMAS P. FRISTICK, JR., d/b/a THE CONNECTICUT VALLEY AGENCY**

**v.**

**FRED BENDA and HAZEL R. BENDA**

*Alberti, J.* This is an action of contract, brought by the plaintiff to recover a commission for procuring a customer ready, able and willing to purchase real estate belonging to the defendants, located in Westfield, in our County of Hampden.

Sometime in September, 1954, the female defendant, wife of the male defendant, contacted the plaintiff at his place of business and listed with him for sale the property of the defendants. This listing was later ratified and confirmed by the male defendant. The property was then listed at a required sale price of $13,800.00, with the agreement that a commission in the sum of five (5%) per cent on the first $10,000.00 of the sale price and three (3%) per cent on any excess thereof was to be paid to the plaintiff, upon his obtaining a purchaser ready, willing and able to buy. Defendant testified and maintained that (a) The list price given was never reduced from the above stated figure.

There was evidence, however, and the court found that in June of 1954, the price was in fact reduced to the figure of $12,500.00, and that this reduction was made on the occasion that one Kousch went to the premises to inspect it with the idea of buying; and (b) At the time that the female defendant listed the premises with the plaintiff, she did so on the condition that she would not sell or agree to sell,

or agree as to the time that she would vacate the property, until she had arranged to purchase another house.

On this question, the court also found against her, in substance, that there was no such original condition, but rather that the first time that the female defendant attempted to impose such condition was *subsequent* to the visit of one Kousch to the premises, *subsequent* to his offer to buy the premises for $12,500.00, and *subsequent* to plaintiff's advising her that Kousch, the proposed customer, was ready, willing and able to buy, and of his desire to sign a purchase and sale agreement. Prior thereto, she had merely stated that it would be necessary for the defendants to secure other living quarters, in the event that their home was sold.

The defendants filed eight (8) requests for rulings. The first and second were granted. The third, fourth and fifth were refused, since they were treated as substantially requests for findings of fact, which the court stated it would not make. Request No. 5 also was in substance a request for a finding of fact, which the court did not make.

The defendants cannot complain, nor did the court err by refusing requests numbered six, seven and eight, they being inapplicable to the facts found.

The defendants' pertinent complaint as to alleged error, has to do with request numbered two, which in terms, was "the broker can only recover by proving he procured a customer ready, willing and able to buy under terms specified by the owner." This request was granted. The court found that the plaintiff produced a customer ready, willing and able to purchase the property on defendants' terms, and performed his part of the contract in being the efficient cause in securing such customer as a purchaser; and the defendants' refusal to sell to such customer was a breach of their contract with the plaintiff.

The defendant complains that in view of the granting of the above request numbered two, it was error

for the court to find that Kousch, the proposed customer, was able to purchase the realty; that the evidence of the customer's ability was insufficient to warrant the court to find for the plaintiff, and was inconsistent with the granting of the request.

The only evidence as to the customer's readiness, willingness and ability to purchase was his own testimony, namely, that he was twenty-five (25) years old, married, engaged in business, that he was prepared to purchase the property for $12,500.00, that he had $500.00 to put down, and that he had inquired by telephone of a local bank as to securing a mortgage loan.

The defendant argued that where no other method of payment is referred to, it is presumed that the payment is to be in cash, and that the customer has to pay in cash, and cites *LaCombe v. Martin*, 319 Mass. 116. It is undoubtedly true that in such case, payment is presumed to be in cash.

A broker has the burden of proving that the customer he has produced, is able, ready and willing to purchase on terms which the owner stated will be satisfactory to him. *Driscoll v. Bunar*, 328 Mass. 398; 103 NE2d, 809, and cases cited. In that case, the customer had some of the purchase price in cash. He arranged with the broker to confer with a bank for a G. I. mortgage, so-called, for the balance of the purchase price. The broker took up the granting of a loan with that bank, and reported to the purchaser; but nothing further was done about obtaining the loan because the defendant, on the day that the deposit was paid, and the broker had gone to the bank in the purchaser's behalf, refused to go through with the sale. Refusal to go through with the sale in the cited case is conduct analogous to the attempted imposition of a non-existing condition in the instant case. In the cited case, the court held that the broker was not obliged to show that the purchaser had the necessary cash in his possession, or in a bank; for "one may be financially able, if, from his own re-

sources, or on his own credit, or on the security of the property he is to purchase, he will be able to command the necessary funds when the time comes for the completion of the transaction". citing *Hutchinson v. Plant*, 218 Mass. 148; *Casey v. Fritz-Carlton Hotel Co.*, 254 Mass. 223.

The proposed customer testified that he was "prepared to purchase the property." It must be assumed that the word, "prepared", in the surrounding circumstances included readiness, willingness and ability to purchase the property upon the terms which it could be found were those which the defendants finally proposed. Such testimony amounted to more than a conclusion; that it was not merely an expression of opinion, but was essentially a statement of fact expressed in the form of a conclusion which rests upon facts known to the speaker. *Kulchinsky v. Segal*, 307 Mass. 571; *Driscoll v. Bunar*, supra. *We find no prejudicial error.*