*Northern District*

No. 5098

**MAX DRUSS**
v.
**STELLA ARNOLD ET AL**

(April 30, 1958)

*Present*: BROOKS, J. (PRESIDING) NORTHRUP AND KELLEHER, JJ.

Case tried to MOYNIHAN, SP. J., in the First District Court of Eastern Middlesex. No. 4595 of 1955.

(*This opinion has been abridged.*)

*Kelleher, J.* This is an action of contract to recover a commission for having obtained a prospective purchaser for a parcel of real estate located at No. 17 Concord Street, Malden, Massachusetts, owned by one of the defendants. The plaintiff's declaration is in two counts, one on an express contract and the other on an account annexed. Both counts are for the same cause of action. The defendants' answer is a general denial.

At the close of the evidence and before final argument, the plaintiff made the following requests for rulings of law:

1.  Plaintiff was employed by the Defendants.
2.  Plaintiff was the efficient cause of procuring the purchaser.
3.  Plaintiff is entitled to recover his commission when the Plaintiff effected a contract of sale mutually binding upon the Defendants and Purchaser.
4.  Plaintiff is entitled to recover his commission when he effected a contract of sale mutually binding upon Defendants and Purchaser notwithstanding that the transaction was not completed.
5.  Plaintiff is entitled to recover when in good faith he procured a purchaser on the terms stated by the Defend-

ants and a binding contract was entered into between the Defendants and the buyer.

6. Plaintiff is entitled to recover his commission when the Defendants accepted the buyer and entered into a written agreement for the purchase and sale of the premises at No. 17 Concord Street, Malden.

7. In entering into a written agreement for sale, Defendants must have been satisfied that the buyer was able, ready and willing, and accepted the responsibility of the buyer and thereby the Plaintiff is entitled to recover his commission.

8. A broker who is employed to procure a purchaser is entitled to his commission if he procures a customer at the price fixed by the Defendant, and when the Defendants and the purchaser procured enter into a written agreement for the sale and purchase of the premises, Plaintiff is entitled to recover his commission.

The Court [warrantably] made the following [general] finding, findings of fact and rulings on the plaintiff's requests:

### FINDING, FINDINGS OF FACT and RULING ON REQUESTS

"This is an action of contract wherein the plaintiff seeks to recover a commission for having obtained a customer to purchase a house owned by the defendants. I find the following facts: In May, 1955, the defendants were the owners of the house and land situated at 17 Concord Street, Malden, Mass. The defendants decided to sell this property. The plaintiff was a roomer in the defendants' house. The male defendant spoke to the plaintiff about his intention to sell the house and told the plaintiff that if he (the plaintiff) could "sell" the house he would be paid a commission. The plaintiff asked for the "figures" on the house. The male defendant told the plaintiff that he wished to sell for $14,500 and wanted a $500 deposit. Within a day or two the plaintiff received from the male defendant a slip or

memorandum listing information as to "sale price", the amount of the existing mortgage, the valuation of the property for tax purposes and the amount of taxes for the preceding year.

Shortly thereafter the plaintiff spoke to one Sol H. Shapiro, whom he had known for twenty years, about the house and brought Shapiro to the house. Shapiro examined the house and stated that he would buy it. Shapiro was a practising lawyer in Malden. He drew up an agreement which read as follows:

May 17, 1955

"Received from Sol H. Shapiro Ten Dollars as deposit for sale of house and land and garage 17 Concord St. Malden and contents of second floor, price $14,200 subject to mortgage held by Broadway Savings Bank, Lawrence, papers to be passed on June 20, 1955, at Registry of Deeds Cambridge 2 P.M. balance of $490. additional deposit to be paid May 18, 1955, regular brokers commission to be paid by seller to Max Druss, 5%.

/s/ Mrs. Stella Arnold
/s/ Arthur A. Arnold
/s/ Sol H. Shapiro          "

"Witness to all signatures"
/s/ Max Druss

At the time of drawing this agreement Shapiro paid a deposit of $10.00. On the following day he mailed to the female defendant a check for $490 as payment of the balance of the deposit. This check was signed Sol H. Shapiro, Trustee". Shapiro stopped payment on the check and failed to appear at the registry of deeds at the time fixed for the passing of papers. Shapiro never gave the defendants any explanation or reason for stopping payment on the check or refusing to carry out the agreement. The reference to the payment of a commission was inserted in the agreement by Shapiro at his own suggestion.

On July 5, 1955, the plaintiff sent to the de-

fendants a bill for a commission of $710.00. Both defendants told him that they couldn't pay him a commission on a house that he had not sold. The plaintiff laughed and told them to sue Shapiro. In December, 1955, the defendants sold the house to another person.

I find that the agreement between the parties to this action, or more accurately the offer made by the defendants, was that the defendants would pay the plaintiff a commission for effectuating a sale of the house. I further find that the arrangement between the parties was not one whereby the defendants made an offer to the plaintiff to pay him a commission for producing a customer ready, able and willing to buy the defendants' property. Inasmuch as the plaintiff did not effectuate a sale of the defendants' property as required by the terms of the offer, I find for the defendants.

### RULINGS ON REQUESTS

I treat the defendants' requests as waived. I deny the plaintiff's requests to the extent that they are requests for findings of fact. Requests numbered 3 to 8, inclusive, although correct as applied to an offer to pay a broker a commission for producing a customer who executes an agreement with the seller to buy on the seller's terms, are denied because not applicable to the facts found by me as set forth above."

We find no error in any of the plaintiff's claims of aggrievement.

Ordinarily a broker earns a commission when he procures a customer able, ready and willing to buy on the owner's terms. However, sometimes the agreement calls for no commission unless an actual transfer of title is made. *Cohen v. Ames,* 205 Mass. 186; *John T. Burns & Sons Inc. v. Hands,* 283 Mass. 420; *Zakszewski v. Kurovitzky,* 273 Mass. 448; *Spritz v. Brockton Savings Bank,* 305 Mass. 170.

There is a distinction where the agreement of authorization requires the broker to "effect a sale" and where the agreement of authorization requires the broker to "effect an actual sale".

Generally speaking, where the agreement of authorization requires the broker to "effect a sale" his commission is earned when he finds a customer who is able, ready and willing to purchase or the parties enter into a binding written agreement to consummate such a transaction on terms fixed or on terms acceptable to the principal. *Brilliant v. Samelas,* 221 Mass. 302; *Wheeler v. Lawler,* 222 Mass. 210; *Taylor v. Schofield,* 191 Mass. 1. On the other hand, when the agreement of authorization requires the broker to "effect an actual sale" nothing less than a transaction actually and fully consummated will entitle the broker to compensation.

The only question in the present case is which type of agreement was made.

The trial court had the opportunity of hearing and observing each witness and had the right to believe or disbelieve any or all portions of the testimony. The trial court has found that the contract between the parties was not such as the plaintiff alleged in his declaration; but was a contract to "effect an actual sale". The judge further found that the contract was not one where the defendants made an offer to the plaintiff to pay him a commission for producing a customer able, ready and willing to buy the defendants' property. There was no fault on the part of the defendants which prevented an actual sale taking place. There was evidence to justify these findings.

We find no error in the denial by the trial court of the plaintiff's request No. 1 and No. 2 for the reason that requests for findings of fact have no standing. The trial judge is not bound to make findings of fact that are not required as a matter of law upon the evidence in response to requests for

such rulings. *Codman v. Beane,* 312 Mass. 570; *Perry v. Hanover,* 314 Mass. 167.

We find no error in the denial by the trial court of the plaintiff's requests No. 3 to 8 inclusive inasmuch as these requests for rulings of law are predicated upon facts not found by the court. Such requests cannot form the basis for a successful claim of error. Requests for rulings of law based on facts not found by the court must be necessarily denied as immaterial.

There being no error in the trial judge's rulings and findings the report is ordered dismissed.

William I. Schell, for the plaintiff.
Philbert L. Pellegrini, for the defendant.