CHARLES W. JACOBY *vs.* JOSEPH M. KOUFMAN & another, administrators, & others. June 14, 1962. Exceptions overruled. Count 1 seeks to recover from the administrators of one Clauson on an express contract to pay a commission on Clauson's purchase of a golf course. Count 2 is against the administrators on an account annexed for $35,000 for a "[b]roker's fee" less a credit of $1,000. Count 4, upon the contract described in count 1, is against a corporation (to which the golf course was conveyed) owned and controlled by Clauson, as Clauson's undisclosed principal. Count 3 is not argued. Verdicts for all defendants were

properly directed on all counts. No evidence warranted a finding that Clauson, on dates specified with respect to count 1, made any adequately definite contract (see *Caggiano* v. *Marchegiano,* 327 Mass. 574, 579–582) with Jacoby, or with one Calkins as joint adventurer with Jacoby (see *Cardullo* v. *Landau,* 329 Mass. 5, 8–9) to pay any ascertainable amount as a broker's commission for accomplishing any stipulated result, even if on conflicting evidence it could have been found that in some degree Calkins was an effective cause (see *Kacavas* v. *Diamond,* 303 Mass. 88, 91–93) of Clauson's purchase. Testimony as to a customary rate of commission in connection with sales of business property was insufficient to establish the value of any services rendered by Jacoby and Calkins and to warrant any recovery on count 2 beyond the $1,000 paid by Clauson to Calkins, who paid $500 of this sum to Jacoby. See *Hurwitz* v. *Parkway Country Club, Inc.* 343 Mass. 661, 665–666. See also *Driscoll* v. *Bunar,* 328 Mass. 398, 403. Jacoby concedes that there will be no recovery on count 4 unless recovery on either count 1 or count 2 is warranted. In any event, upon the evidence the corporation cannot be held liable. If excluded portions of a deposition had been admitted in evidence, the result would not have been different on any count.

*John H. Devine (Joseph E. Iovino* with him) for the plaintiff.

*Julian L. Yesley (Richard W. Renehan & Harris A. Reynolds* with him) for the defendants.