*Municipal Court of the City of Boston*

No. 238739

## LARRY CISCO

v.

## IRVING ZUSSMAN

Argued: April 2, 1971 - Decided: April 27, 1971.

*Present:* Lewiton, J. (Presiding); Morrissey, Glynn, JJ.

Case tried to *Mottola, Sp. J.*

**Lewiton, J.** This is an action to recover a commission for procuring a customer ready, willing and able to purchase real estate of the defendant upon the latter's terms and condi-

tions. The declaration contained two counts, one on an express contract and the other on a *quantum meruit*. The defendant answered by way of general denial. After a finding for the plaintiff in each case, the defendant claimed a report to the action taken by the trial judge on requests for rulings which had been submitted at the close of the evidence.

The report contains all the evidence material to the questions reported. Viewing this evidence in the light most favorable to the plaintiff, the following facts could have been found: The plaintiff, a licensed real estate broker, had been told by the defendant that the latter would sell the property in question for $50,000. The plaintiff produced one prospective customer, but the proposed deal with him did not go through. Thereafter, in May of 1969, the plaintiff met and interested one Fosella, who had ample financial ability to consummate the purchase of this property at the price of $50,000. The plaintiff contacted the defendant, informed him of the customer and was again told by the defendant that the price of the building was to be $50,000. Thereafter, at the request of the defendant, the plaintiff furnished him with a letter stating: "This office [the plaintiff] will accept your commission on the above property when title and papers are recorded. Providing this office obtains a buyer for the above property."

In July of 1969 the plaintiff, the defendant,

and Fosella had two meetings, during the latter of which Fosella, the plaintiff and the defendant examined the building and "discussed the terms of the real estate transaction, such as free of all tenants, clear title to the property and to sign the agreement by all parties prior to July 31, 1969 to which terms the defendant agreed thereto". At this time the price of $50,000 was again quoted to Fosella by the defendant.

Thereafter, Fosella enclosed in a letter to the plaintiff a check for $5,000.00 as a deposit on this property, the letter reciting that: "Our obligation to purchase, and the enclosed payment on account, are subject to our obtaining approval of our credit for conventional bank financing, clear record title on the property and our obtaining possession of the building free of all tenants and according to such other terms and conditions as are customary in the Greater Boston Purchase and Sales Agreement for Real Estate."

The plaintiff then called the defendant and told him of his having Fosella's $5,000 check as a deposit towards the purchase price of $50,000. The defendant then informed the plaintiff for the first time that the price was to be $55,000. Fosella was not interested at $55,000, and when the plaintiff called the defendant again, the latter stated that the price was then $58,000, and that he had changed his mind about selling the property.

It is clear that the evidence warranted a finding that the defendant had engaged the plaintiff as a broker to procure a customer for his property, and that the plaintiff would be entitled to a commission if he had procured a customer ready, willing and able to buy upon the terms given to the plaintiff by the defendant. *Henderson & Beale, Inc.* v. *Glen,* 329 Mass. 748, 751-52. *Alphen* v. *Bryant's Market, Inc.,* 329 Mass. 540. *Driscoll* v. *Bunar,* 328 Mass. 398. *Palmer Russell Co.* v. *Sahah,* 326 Mass. 634. His right to a commission would not be defeated by reason of the fact that the defendant subsequently chose not to sell the property to the customer procured by the plaintiff. *Driscoll* v. *Bunar,* 328 Mass. 398, 399-400. *Palmer Russell Co.* v. *Salah,* 326 Mass. 634, 636. *Chapin* v. *Ruby,* 321 Mass. 512, 515. Nor did the plaintiff's letter to the defendant which stated that the plaintiff would "accept" a commission "when title and papers are recorded" require that a sale be consummated in order that the plaintiff be entitled to a commission. *McCarthy* v. *Daggett,* 344 Mass. 577, 579. *Rosenthal* v. *Schwartz,* 214 Mass. 371, 373. *Alvard* v. *Cook,* 174 Mass. 120, 124. cf. *Spritz* v. *Brockton Savings Bank,* 305 Mass. 170, 171, (where, by express agreement, the commission was to be payable "only if, as and when all papers . . . shall actually be passed.")

The vital question here is whether the evidence warranted a finding that the plaintiff had

in fact produced a customer ready, willing and able to purchase the property on the terms prescribed by the defendant, before the defendant changed those terms by increasing the price for which he would sell the property or before he announced his decision not to sell the property. *Dragone* v. *Dell'Isola,* 332 Mass. 11, 13. *Henderson & Beale, Inc.* v. *Glen,* 329 Mass. 748, 752. This question was substantially, though inartistically, raised by the defendant's requested ruling No. 7 as follows:

> "7. Upon all the evidence, the buyer was not ready, willing and able to perform if they [sic] attached certain conditions to his acceptance [sic]."

As to this request, the trial judge ruled "Denied. See Court's findings on questions of fact."

It seems clear that what the defendant sought by this request was a ruling that if the offer of the plaintiff's prospective buyer was conditioned upon items not within the terms of sale specified to the plaintiff by the defendant, it could not be found that the buyer was ready, able and willing to purchase the property on the defendant's terms. As so construed, the requested ruling should have been granted, and its denial was reversible error.

The offer by Fosella was expressly made conditional upon his obtaining approval of his credit for "conventional bank financing" for the purchase of the property. On its face, this

would appear to be a substantial qualification of his offer, and not a mere formality. The report contains no evidence as to the special significance, if any, of the phrase "conventional bank financing", or as to the availability of such financing to Fosella. The fact that he took pains to specify this item as a condition of his offer would indicate that he regarded it as a matter of substance. In addition, the courts may properly take judicial notice of the varying degrees of financial stringency pertaining to real estate mortgages which existed in this area in 1969 and which may have affected the availability of "conventional bank financing" for this proposed deal. Since this condition sought to be injected by Fosella was admittedly not included within the terms stated to the plaintiff by the defendant, it is clear that at the time the plaintiff transmitted the offer to the defendant, Fosella was not a customer "able, ready and willing to buy on the defendant's terms", and the plaintiff had not rendered the performance which would entitle him to a commission. *Drake* v. *Sweet*, 325 Mass. 542, 545-46. *Chapin* v. *Ruby*, 321 Mass. 512, 515. *Chamberlain v. New England Dressed Meat etc. Co.*, 279 Mass. 462, 465. *Walker* v. *Russell*, 240 Mass. 386, 390. This is true notwithstanding the fact that Fosella could be found to have "had ample financial ability to consummate the sale at the price of $50,000.00". He made it abundantly clear in his offer that, whatever his other re-

sources might be, he was not willing to commit $50,000. of his own funds to the purchase of the defendant's property, but would make the purchase only if "conventional bank financing" was available to him. Thus, the existence of other resources available to Fosella was immaterial. See *Walker* v. *Russell,* 240 Mass. 386, where the evidence was in conflict as to whether the prospective seller had agreed to accept a deferred payment as to part of the purchase price, as provided in an offer transmitted by the plaintiff-broker. The Supreme Judicial Court in that case approved the action of the trial judge in charging the jury that "If you do not find those terms were agreed to by the defendant, then Howe was not a customer able and ready and willing to buy on the defendant's terms, no matter whether he had the money in his pocket or not". 240 Mass. 386, 390-391.

Since we conclude that the evidence was insufficient to support the trial judge's finding of performance by the plaintiff, there is no occasion for us to concern ourselves with other questions raised by the defendant as to the propriety of the findings for the plaintiff both on the count alleging an express contract and on the *quantum meruit* count, or as to whether, in the absence of any agreement as to the amount of the commission to be paid, or of evidence as to the value of the plaintiff's services, a finding for the plaintiff should be limited to nominal damages.

It is hereby ordered as follows: **Finding for the plaintiff vacated. Finding and judgment to be entered for the defendant.**

SAMUEL NEWMAN
  of Boston, for the Plaintiff.
ALEXANDER FINGER
  of Boston, for the Defendant.