*Southern District*

## LOUIS LANEVILLE

*v.*

## ALBERT B. YOKEN, ET AL[1]

Argued: Oct. 26, 1971 - Filed: Feb. 9, 1972

---

[1] Sylvia S. Yoken.

*Present:* Murphy, P.J., Lee, Rider, J.J.

Case tried to *Silva, J.,* in the Second District Court of Bristol No. 30851.

**Rider, J.** This is an action of contract (originally filed with the Bristol County Superior Court and remanded to the District Court for trial) in which the plaintiff, a licensed real estate broker, seeks to recover a commission in the amount of $1,000.00 alleged to be due for obtaining a customer for the defendants' real estate pursuant to an oral agreement with the defendants.

The answer is a general denial with special defenses as follows:

> 1. If the defendants authorized the plaintiff to sell the real estate, the authorization was revoked in good faith by the defendants before the plaintiff complied with the authorization.

2. There was no authorization to the plaintiff in writing to sell the real estate. The court found for the defendants.

*At the trial there was evidence tending to show that* in July of 1968 the defendants were the owners of a parcel of land on East Main Street in Fall River with five tenements or rental income houses thereon. The defendants were desirous of selling the property and had made efforts on their own and through another real estate broker to sell the property. In the latter part of July the defendants verbally authorized the plaintiff to show the property for a price in the area of $75,000.00 and that the defendants would be willing to assume secondary financing. The plaintiff made efforts to sell the property by personal contacts and by advertising in the newspaper and by showing of the property to potential buyers. The defendants authorized the plaintiff to obtain an offer and effect a sale and the agreed comission would be $1,000.00 as the male defendant also held a Massachusetts real estate broker's license.

On *August 19, 1968,* the plaintiff showed the property to one Normand Chouinard. On Saturday, *August 24, 1968,* the plaintiff and Normand Chouinard returned to the property along with the male defendant and Normand Chouinard viewed the houses and was informed as to the details concerning rental income and the like by the male defendant. On Monday,

*August 26, 1968,* the plaintiff called the male defendant and informed him that Normand Chouinard was ready, able and willing to pay $58,000.00 for the property without the requirement of secondary financing by the defendants and the commission would be $1,000.00 as previously established by the parties. The defendant told the plaintiff to get it in writing. The defendants denied that any such conversation took place on Monday, *August 26, 1968,* but stated that the plaintiff appeared at their home at noontime on that day. The plaintiff had Normand Chouinard sign a standard purchase-sale agreement and obtained a deposit of $500.00 and went to the defendants' home about three hours later for their signatures.

The defendants at their personal residence at about mid-way on *August 26, 1968,* for the first time informed the plaintiff that the property was sold and a $500.00 deposit had been accepted that morning, and refused to sign the agreement. The plaintiff returned the deposit to Normand Chouinard on *September 5, 1968.* The defendants sold the property to George N. Cayer and Agnes E. Cayer for $57,500.00 and delivered a deed thereto on *October 14, 1968.*

The plaintiff made the following requests for rulings:

1. Where the plaintiff informed the defendants of the terms on which a purchaser was ready, able and willing to pur-

chase the defendants' property and the defendants agreed to the plaintiff's commission of $1,000.00 to which the plaintiff agreed, a finding for the plaintiff in this action is warranted.[2]

2. On the evidence that the plaintiff, a licensed real estate broker, pursuant to request of the defendants procurred (sic) a customer for the defendants' real estate, who was ready, willing and able to buy on the defendants' terms, a finding for the plaintiff is required.

3. The fact that the defendants in this action failed to sign or carry out the agreement of sale obtained by the plaintiff does not preclude recovery. *Palmer Russell Company* v. *Norah Salah*, 326 Mass. 634, 636 (1951).

4. The fact that the agreement between the plaintiff and the defendants as declared upon is oral does not bar recovery in this action. *Palmer* v. *Wadsworth*, 264 Mass. 18, 22 (1928).

The court allowed the plaintiff's requested ruling #4, but denied requests numbered 1, 2 and 3.

The court made no findings of fact.

---

[2] We note there is a discrepancy in the phraseology in quoting request for ruling No. 1 on page 4 of the report; however, no further comment is necessary in view of our decision.

The report states that it contains all the evidence material to the questions reported.

The plaintiff contends that it was prejudicial error to have denied its first and third requests for rulings of law.

The plaintiff also contends that a finding for the plaintiff was required as a matter of law and that it was prejudicial error to have denied its second request.

We consider this latter request first.

■■. In causes tried before judges without juries, it is essential that the parties be assured that correct rules of law have been followed in the determination of the issues. *Hetherington* v. *Firth Co.*, 210 Mass. 1, 17.

■■. Rule 27 of the Rules of the District Courts (1965) provides:

> "Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the court shall state the facts found, or the facts received which it does not find, upon which such refusal is based, unless the same appears from special findings filed."

Plaintiff's request for ruling No. 2 states a correct principle of law. *Palmer Russell Company* v. *Salah*, 326 Mass. 634, 636; *Rich* v. *Mezzetti*, 323 Mass. 669, 670. This request, therefore, required the judge to grant it or to

state facts found by him which made the request inapplicable, and otherwise to comply with Rule 27 of the Rules of the District Courts. *Stella* v. *Curtis,* 348 Mass. 458, 463. This he has not done and his failure to do so was prejudicial error.

Plaintiff's request for ruling No. 3 states a correct principle of law and should have been granted. *Palmer Russell Company* v. *Salah,* 326 Mass. 634, 636.

 Since a new trial must be ordered in any event, we do not pause to consider the propriety of the denial by the trial judge of plaintiff's request for ruling No. 1. Suffice it to say that such a request for ruling properly raises the question of the sufficiency of the evidence. A refusal to grant it is usually error unless the trial judge by clear and definite findings has demonstrated that it was inapplicable or immaterial. *Belger* v. *Arnot,* 344 Mass. 679, 680; *Quality Finance Co.* v. *Hurley,* 337 Mass. 150, 152; *Bresnick* v. *Heath,* 292 Mass. 293, 298-299.

**Finding for the defendants vacated. New Trial ordered.**

PETER G. COLLIAS of Fall River
 for the Plaintiff

FREDERICK C. TORPHY of Fall River
 for the Defendant